## Owen Lappen *vs.* Joseph H. Gill.

Suffolk. March 3. — Sept. 10, 1880. Endicott & Soule, JJ., absent.

The grantee in a deed, containing a stipulation that the land is subject to a mortgage which he assumes and agrees to pay, is liable to the grantor, who pays the mortgage after failure of the grantee to pay it, although the grantor, when he pays the mortgage, takes an assignment of it; and, in an action for the amount so paid, evidence is inadmissible that, at the time the mortgage was made, the grantor held the land in trust for the grantee and others, and the mortgage was given to take up the defendant's share of a previous mortgage.

Contract for money paid. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows:

On July 3, 1876, the plaintiff executed and delivered to the Cambridge Savings Bank a mortgage deed of certain premises

in Cambridge, to secure his note of $1300, with interest; and, on August 22, 1876, he executed and delivered to the defendant a quitclaim deed of the same premises, containing the following clause: "This conveyance is subject to a mortgage to the Cambridge Savings Bank for thirteen hundred dollars, with interest, which the grantee is to assume and pay, also the taxes of 1876." The defendant paid interest on the mortgage note due in January and July 1877, and January 1878, and taxes on the premises. The defendant not having paid the mortgage note of $1300, the plaintiff voluntarily paid the same, and, on December 18, 1877, the bank assigned to him the mortgage and the note of $1300 secured thereby. The last payment of interest on the note by the defendant was made to the plaintiff on January 10, 1878.

The defendant offered to prove that, at the time the plaintiff made the mortgage deed, the plaintiff held the legal title to the mortgaged premises for the benefit of the defendant and others, heirs at law of the defendant's father; and that the mortgage was given to take up the defendant's share of a previous mortgage of said premises given by his father.

The judge rejected this evidence as incompetent; and ordered judgment for the plaintiff for $1427.50. The defendant alleged exceptions.

*D. L. Withington*, for the defendant.

*C. F. Donnelly*, for the plaintiff, submitted the case without argument.

AMES, J. It has been repeatedly decided that, if a grantee takes a deed containing a stipulation that the land is subject to a mortgage which he assumes or agrees to pay, a duty is imposed upon him by the acceptance of the deed, and the law implies a promise to perform it, on which promise, in case of breach, assumpsit will lie. *Fiske* v. *Tolman*, 124 Mass. 254, and the cases there cited. This defendant accepted such a deed, and has failed to pay the mortgage which he thereby assumed and agreed to pay. The plaintiff thereupon paid the mortgage debt, and has brought this action to recover the amount so paid. It is true that, instead of cancelling the note and mortgage, he has had them assigned to himself, but, in such a state of facts, such an assignment to the promisor of his own note and mortgage can have no other effect than as a discharge of the debt. *Brown*

v. *Lapham*, 3 Cush. 551. The transaction was in substance and effect a payment of the debt. *Carlton* v. *Jackson*, 121 Mass. 592. The facts which the defendant offered to prove, as to the trust under which the plaintiff held the land at the time of the mortgage, do not appear to us to furnish any ground for relieving the defendant of his legal obligation, and the evidence was therefore properly excluded. Even if the evidence as to the trust had been received, the payment was still for the defendant's benefit.

*Exceptions overruled.*