### CHAS. A. GUNST v. C. C. PELHAM.

#### No. 2639.

1. **Right of Action.**—A purchaser who agrees to pay a note held by a third party against his vendor which constitutes a lien on the land purchased, is not liable on such note in an action by the vendor unless such vendor has paid the note.

2. **Lien—Right of Action.**—One who holds a lien for unpaid purchase money reserved in his deed may on default of payment either rescind the contract of sale or sue to recover his money. If he elects to sue and the land is sold at foreclosure sale the title vests in the purchaser. If the vendee sells the land to a third party no action can be maintained against him by his vendor on his promise to such vendor to pay off a pre-existing lien which the vendor himself had not discharged. The land in such case can not be seized under attachment at the suit of the vendor on the ground of fraud in the conveyance made by his vendee. If fraudulent it would only be so against creditors, and he could only become a creditor by paying off the pre-existing lien.

3. **Attachment.**—An attachment sued out against two defendants is not supported by an affidavit that "the attachment is not sued out for the purpose of vexing or harrassing the defendant."

APPEAL from Henderson. Tried below before Hon. F. A. Williams. The opinion states the case.

*Richardson & Watkins* and *R. W. Dickerson*, for appellant. — 1. The vendor of mortgaged property can maintain no action against the vendee who undertakes to satisfy the mortgage because he fails to do so, unless and until the vendor himself has paid it off. 3 Pom. Eq. Jur., sec. 1207; Ayers v. Dixon, 78 N. Y., 318–23; Lapen v. Gill, 129 Mass., 349; Risk v. Hoffman, 69 Ind., 137.

2. Payment of the judgment by sale of defendant's land does not constitute a payment by plaintiff, since a vendor can not both affirm and rescind a sale nor appropriate the land and still enforce the contract. Hamblen v. Folts & Walsh, 70 Texas, 132; Ransom v. Brown, 63 Texas, 188; Roeder v. Robson, 23 Texas, 754; Nass v. Chadwick, 70 Texas, 157; Bartley v. Harris, 70 Texas, 181; Burson v. Blackley, 67 Texas, 5.

3. A vendee taking land and agreeing to pay a prior mortgage debt thereon as part consideration becomes, as between themselves, the principal in such debt, and the vendor becomes his surety, and the vendee as principal can only become liable to the vendor when he as surety has paid

the debt.　Rev. Stats., arts. 3664, 3668; Glasscock v. Hamilton, 62 Texas, 151; Boulware v. Robinson, 8 Texas, 327; Greenl. on Ev., 113; Chitty on Con., 592; 3 Pom. Eq. Jur., sec. 1206; 1 Jones on Mort., sec. 75; Colvo v. Davies, 73 N. Y., 211; Savings Bank v. Munson, 47 Conn., 390; Huyler v. Atwood, 26 N. J., 504; Lilly v. Palmer, 51 Ill., 331; Thompson v. Bertram, 14 Ia., 476; Lappen v. Gill, 129 Mass., 349; Risk v. Hoffman, 69 Ind., 139; Kiner v. Lowell, 34 Me., 299.

4.　If a vendor elects to enforce a contract the vendee is regarded as holding a superior title, and there can be no partial rescission of such contract.　Burson v. Blackley, 67 Texas, 5; Nass v. Chadwick, 70 Texas, 157; Bartley v. Harris, 70 Texas, 181; Roeder v. Robson, 20 Texas, 754.

5.　The owner of property sold by process of law in satisfaction of a judgment will be regarded as having paid said judgment.　7 Wait's Act. and Def., pp. 380, 381; Case v. Boughton, 11 Wend., 106; Charter v. Stevens, 3 Denio, 35; Hunt v. Nevers, 15 Pick., 500; Dismukes v. Wright, 3. Dev. & Batt. L., 78.

*Faulk & Faulk* and *Jones & Jones*, for appellee.

Gaines, Associate Justice.—Appellee Pelham, on the 25th day of August, 1886, sold to one Johnson a tract of land and certain live stock, consisting of horses, cattle, and hogs, for which Johnson paid in cash $368, and executed his six promissory notes amounting in the aggregate to the sum of $5500, and at the same time bound himself to pay a note executed by Pelham to Murchison & Coleman for the sum of $1050, which was secured by a mortgage upon the land.　The consideration was recited in the deed and a lien was expressly reserved upon the land for the payment of the notes.　Subsequently Johnson sold the property to appellant Gunst upon the same terms, appellant paying him $368 and binding himself to pay the six promissory notes executed by Johnson to Pelham, as well as that held by Murchison & Coleman.　The latter having matured and not having been paid, the holders brought suit thereon against the maker and sought to foreclose the mortgage, making Johnson and Gunst parties.

A decree was rendered foreclosing the mortgage, and in pursuance thereof the land was sold.　It brought at the sale but a few dollars more than was necessary to satisfy the judgment and costs.　This suit was brought to recover of Johnson and Gunst the amount of the Murchison & Coleman note, and an attachment was sued out and levied upon a portion of the live stock sold by Pelham to Johnson and by the latter to Gunst.　The petition alleged very fully the facts hereinbefore stated, and also averred that the sale from Johnson to Gunst was made to defraud the plaintiff in the collection of his debt.

The petition was excepted to by Gunst on the ground that it showed

no liability on part of either defendant to the plaintiff, and the exceptions were overruled. The action of the court in overruling the exceptions to the petition is assigned as error.

We think the exceptions should have been sustained. Upon the conveyance of the property to Johnson, and Johnson assuming to pay the note secured by the mortgage, the plaintiff acquired no immediate right of action against Johnson upon the promise. The promise was to pay the holders of the note, and not him. As between plaintiff and Johnson, by the agreement Johnson became primarily liable to pay the note; but plaintiff could only acquire a right of action against him upon the promise by paying the note himself. Ayers v. Dixon, 78 N. Y., 318; Lapen v. Gill, 129 Mass., 349.

Plaintiff did not pay the note voluntarily, and we have only to inquire whether or not the payment through a sale of the mortgaged premises can be deemed a payment by him. It is claimed in argument on behalf of appellee that since our courts hold that in a sale of land by a deed which reserves a lien for the payment of the purchase money the paramount title remains in the vendor until the price is paid, the land in controversy at the time of the sale is to be deemed the property of the plaintiff. It is true that it has been held that when the vendee holding such a conveyance makes default in his payments or repudiates his contract, the vendor may either sue for the purchase money and enforce his lien, or he may rescind the contract and recover directly the land. On the other hand it is held that by suing for the purchase money he affirms the sale.

It follows that when defendants made default the plaintiff had the right to claim a rescission of the contract, but he could not rescind the contract and claim under it at the same time. His suit shows that he is claiming under the contract, and hence the land when sold must be deemed the property of Gunst. Not having paid the note secured by the mortgage, he had no cause of action on their assumpsit to pay the debt either against Johnson or Gunst. See Ayers v. Dixon and Lapen v. Gill, *supra;* Risk v. Hoffman, 69 Ind., 137. If the plaintiff had rescinded the sale, then the defendants would not have owed him the purchase money.

But it is insisted on behalf of appellee that since the jury found that the conveyance from Johnson to Gunst was made to hinder, delay, and defraud plaintiff in the collection of his debt, that therefore Gunst had no right in the property attached and can not complain. But the conveyance was, if fraudulent as to creditors, good against Johnson, and no one but a creditor could take advantage of the fraud. The property was not subject to be seized as the property of Johnson for an alleged debt which did not in fact exist.

An attachment was sued out against the property of both defendants.

The affidavit for the attachment states that the attachment was not sued out for the purpose of vexing or harrassing "the defendant." It was held in Perrill & Fox v. Kaufman & Runge, 72 Texas, 214, that such an affidavit was insufficient to support an attachment. The court should have quashed the writ upon the motion of defendants.

We have not deemed it necessary to consider the assignments of error seriatim.

For the errors pointed out the judgment is reversed and the cause re-manded.

*Reversed and remanded.*

Delivered October 22, 1889.