## W. A. THOMAS ET AL. v. T. D. ELLISON.

### No. 1926. Decided March 10, 1909.

**1.—Attachment—Debt—Action for Deceit.**

A suit for damages for deceit in sale of land (fraudulent misrepresentation as to existing incumbrances) was one for tort, not for a debt within the meaning of the attachment laws, and would not sustain an attachment. (Pp. 355, 356.)

**2.—Same—Warranty of Title—Incumbrance—Breach—Pleading.**

A suit for damages for misrepresentation as to existence of incumbrances on land sold, did not disclose a right of action for debt on breach of covenant, though alleging the sale to be with general warranty, where the plaintiff, the vendee, had not then discharged the incumbrance. His cause of action on the warranty did not arise until such payment. (Pp. 356, 357.)

**3.—Venue—Injunction—Sale of Land—Fraud—Costs.**

In a suit to enjoin a trustee's sale of land properly brought in the county where it was situated, a resident of another county for whose alleged fraud the injunction was sought was a proper party; nor could he assert his right to be sued in his own county though subsequently the suit was dismissed as to the parties against whom injunction was sought and proceeded to judgment against him as an action for damages for deceit. Having been properly made a defendant in that county, the court rightly proceeded to determine the action

against him after adjustment and dismissal of the suit as to his co-defendants; and it was not improper to adjudge against him the entire costs where they were such as he had made necessary to the enforcement of plaintiff's rights. (P. 357.)

**4.—Covenant for Title—Incumbrance—Damages.**

On recovery for breach of warranty of title by reason of existence of an incumbrance, the measure of damages is the amount plaintiff was compelled to pay to discharge such incumbrance. (Pp. 357, 358.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Ellison sued Thomas and others, and recovered against Thomas, who appealed and on affirmance obtained writ of error.

*J. S. Sherrell* and *McGrady & McMahon,* for plaintiff in error.

*Yates & Carpenter,* for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The defendant in error, who was the plaintiff below, began this action May 29, 1905, in the District Court of Hunt County against W. A. Thomas, Sr., J. J. Harrison and wife, and W. A. Thomas, Jr., to enjoin a sale of land in that county by Thomas, Sr., trustee, in a deed of trust upon the land executed by Thomas, Jr., to secure two notes, also executed by him to Harrison and wife, upon the allegations that the notes had been paid and that defendants had conspired together and were claiming that they had not been paid in order to defraud plaintiff of his land. Four amended petitions were subsequently filed, by the first and second of which it was alleged that plaintiff and one Humphreys, whose interest in the land had afterwards been assigned to plaintiff, on one part, and Thomas, Jr., on the other part, had exchanged lands, plaintiff and Humphreys receiving that now in question; that in the trade Thomas, Jr., had fraudulently represented that there were but two incumbrances on the land, which were assumed by plaintiff, and had concealed the existence of that now asserted in favor of Harrison and wife. These amendments still sought relief against the threatened sale upon the averments that the notes had been paid; that the defendants were collusively asserting them to defraud plaintiff, and that, by reason of certain facts alleged, Harrison and wife were estopped to assert them against plaintiff. It was prayed, however, that if it should appear otherwise, the trade between plaintiff and W. A. Thomas, Jr., be rescinded, or, if that were found to be not permissible, that plaintiff recover of him such amount as should be established in favor of Harrison and wife. While his pleadings were in this condition plaintiff, on October 12, 1906, dismissed as to Thomas, Sr., and Harrison and wife, and judgment was entered dissolving the interlocutory injunction previously granted restraining them from selling the land. The plaintiff at the same time took judgment by default against W. A. Thomas, Jr., and, the matter having been submitted to a jury, verdict was rendered in plaintiff's favor against Thomas, Jr., for the amount found to be due on the Harrison notes. This judgment

against Thomas, Jr., was, at the same term, set aside on his motion and afterwards on November 5, 1906, plaintiff filed his third amended petition, in which he states that the matters in controversy as to Thomas, Sr., and Harrison and wife "having been adjudicated," he dismisses as to them and complains of Thomas, Jr., alone, alleging, as before, the trade, the fraudulent representation and concealment as to incumbrances, the execution by Thomas, Jr., of a deed with warranty against incumbrances, the fact of the existence of the encumbrance in favor of the Harrisons and that it was being asserted by them, that a rescission was impracticable because of the fact that the defendant had disposed of the property received by him from plaintiff, and praying for judgment for damages for breach of the warranty and for the fraud practiced on him. On this last pleading plaintiff sued out an attachment and caused it to be levied. Subsequently, the plaintiff filed his fourth amended petition on which the cause was tried, in which he alleged all the facts previously alleged, except that he admitted the validity of the lien asserted by the Harrisons and, further, that on December 1, 1906, he had been compelled to and did pay the amount due on those notes. The defendant moved to quash the attachment on the ground that, when it was sued out, plaintiff's pleadings showed that he had no cause of action upon which such a writ could lawfully issue. He also claimed the privilege of being sued in Fannin County, the county of his residence, in addition to other pleadings, which need not be stated.

The motion and plea of privilege were overruled and judgment was rendered in favor of plaintiff for the amount paid by him on the Harrison notes and sustaining the attachment.

We are of the opinion that the court erred in refusing to quash the attachment on the ground set up in the motion. The cause of action stated in the third amended petition and in those which preceded it for the recovery of damages for the deceit practiced was for a tort, and not for a debt in the sense of the attachment law, and it constituted no lawful basis for the writ. El Paso Bank v. Fuchs, 89 Texas, 197.

We do not understand counsel for plaintiff to contend that a cause of action like that just referred to would sustain an attachment. Their contention is that the third amended petition disclosed a cause of action, however defectively stated, for the recovery upon the broken warranty of the amount of the incumbrance, as for a debt existing but not mature. But the trouble with this is that no such cause of action existed when the attachment was sued out, and none such arose until the subsequent payment of the Harrison notes. Until that payment was made the defendant owed, not the plaintiff, but the holders of the notes. The plaintiff when he sued out the writ had neither paid nor, so far as his allegations show, assumed or in any way become bound for the payment of the notes. They were merely secured by a lien on his property, and this gave him the right to discharge them and look to Thomas, Jr., for reimbursement; but until he had either paid them or substituted himself for Thomas, Jr., as Harrison's debtor he had no cause of action against Thomas, Jr., on the warranty to recover the amount due on them. Gunst v. Pel-

ham, 74 Texas, 586. It is not the case of an existing but immature indebtedness, but one in which that has not been done which is essential to give rise to an indebtedness. Nor is it a case in which defective allegations of an indebtedness may be so amended as to sustain the attachment. The petition showed no indebtedness at all, and when it was afterwards amended the further allegations showed that the notes had not been paid when the attachment issued, and did not show any other facts existing at that time to support the writ.

The court did not err in overruling the plea to the venue. There is no claim that the original action was not properly brought in Hunt County. Plainly, it was maintainable where the land sought to be protected from the threatened sale was situated and where that sale was about to take place and where the fraud was alleged to have been perpetrated. In that action the plaintiff had the right to join all the parties whose presence was essential to the relief sought, and certainly, if the charges of fraud made against Thomas, Jr., were true, as was found upon conflicting evidence at the trial, he was properly brought into the controversy engendered by that fraud, and was properly held there, notwithstanding the subsequent dismissal of the other parties, until complete relief was obtained against him. The fact that, eventually, the plaintiff obtained and asserted the right to recover upon the warranty the amount paid to discharge the incumbrance does not affect the question of venue. The suit being properly in court in Hunt County for the purpose of enforcing rights which grew out of the alleged fraud, the whole controversy was properly cognizable there; and when, by adjustment between plaintiff and the Harrisons, the amount to which plaintiff was entitled had been definitely ascertained it was not necessary that he should dismiss that suit and bring another elsewhere, but it was permissible for him by amendment to claim the judgment to which the facts then entitled him. Kendall v. Hackworth, 66 Texas, 499. The granting him that relief was the proper disposition to be made of the case already properly pending, and no new question of venue arose.

For the same reason it is wholly immaterial whether the court based its judgment upon the deceit practiced or upon the breach of warranty. The cause was properly before it and the amount to which plaintiff was entitled was that which he had paid to protect himself.

Nor are we prepared to hold that it was not competent for the court to adjudge against him all of the costs of the suit. He was a party from the beginning and the court may have thought that no costs had been incurred but such as he had made necessary to the ascertainment and enforcement of plaintiff's rights. We can not see from the record the views upon which the court acted, nor can we see that it improperly exercised its discretion in adjudging costs.

Some complaints are made as to the exclusion of evidence offered by defendant, most of which are disposed of by what has been said. There can be no serious question as to the measure of damages. The amount paid by plaintiff to discharge the incumbrance was the measure of his right. The defendant claimed at the trial that Humphreys

had misrepresented the amount of incumbrances on the land conveyed by him to defendant in the exchange. He also asserted that Humphreys had assumed and failed to pay one of such incumbrances and that the understanding was that until this had been done he was not to pay the Harrison notes. Upon conflicting evidence the court submitted these questions to the jury and the verdict was against the defendant. The evidence offered as relevant to them, which was excluded, was not at all essential to the defenses. The statement of facts shows that everything that was essential to defendant's claim was admitted.

We find no error except that pointed out. The judgment will be so reformed as to quash the attachment and in all else it will be affirmed. The costs of the appeal and writ of error will be adjudged against defendant in error, Ellison.

*Reversed and rendered in part.*
*Affirmed in part.*