### GREGORY v. GREEN.

(Court of Civil Appeals of Texas. Dec. 21, 1910. On Rehearing, Jan. 18, 1911.)

LIMITATION OF ACTIONS (§ 46*)—ACCRUAL OF RIGHT OF ACTION—COVENANTS.

Where the owner of two lots covered by a deed of trust sold one of them on August 7, 1903, the grantee assuming the payment of the entire mortgage debt, the grantor's cause of action against the grantee for failure to pay the mortgage did not arise until foreclosure of the trust deed on the lot retained, and hence the four-year statute of limitations did not begin to run until sale on such foreclosure.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 252; Dec. Dig. § 46.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Martha Gregory against Charles W. Green and others. From a judgment for defendant Green, plaintiff appeals. Reversed and remanded on rehearing. Former opinion withdrawn.

James Raley, for appellant. Guinn & McNeill, for appellee.

JAMES, C. J. Appellant brought this action against appellee and E. H. Woodham and Amelia Yoast. The amended petition dismissed as to Woodham and Yoast, and alleged that plaintiff, on August 5, 1902, owned lots 6 and 7, new city block 492, in San Antonio, and on that day gave a deed of trust on them to R. F. Alexander, trustee, to secure 15 notes, of $50 each, to Miss S. C. Stroud, and one note for $50, payable to the State Home & Savings Company of Dallas; that the first of said 15 notes was due August 6, 1902, and one on the 6th of each succeeding month, and the last-named note was payable in six months after August 5, 1902; that on December 12, 1902, she gave a sec-

ond deed of trust on the lots to Albin Seidel, trustee, to secure a note for $109, payable to said Alexander; that on August 7, 1903, she sold defendant Green the lot 7, and as the consideration of the purchase and sale thereof she gave him a general warranty deed to same, and he assumed to pay the notes relating to both of said deeds of trust, so as to leave lot 6 free from said deeds of trust in the hands of plaintiff; and that defendant defaulted in the payment of said notes, and both lots were, by a substitute trustee, sold to E. H. Woodham by virtue of the provisions of the trust deeds on January 10, 1908. The petition concludes: "Plaintiff says she has given written notice to Chas. W. Green of the pending of this suit before she dismissed it as to Yoast and Woodham, and called on him to come in and defend her title to said lot 6, and prove that he had paid for it as he had agreed to do. This said Green has neglected and refused to do, and plaintiff alleges the fact to be that she has entirely lost the title to lot 6. She says the value of lot 6 at the date of the sale by the trustee was and is now $700, and for that sum of money she asks judgment and for costs of suit. Demurrers were filed by defendant, of which the demurrer No. 11 was sustained, which was that the petition showed that plaintiff's cause of action was barred by the statute of four years' limitation; the remainder of the demurrers being overruled. Plaintiff declining to amend, judgment was for defendant. The ruling is assigned as error.

The portion of the petition relied on as stating a cause of action and not barred by the statute consists of the allegation: "As the consideration of the purchase and sale she gave a general warranty deed to said lot 7 to said Green, and he assumed and agreed to pay both of said deeds of trust and the notes therein mentioned, so as to leave lot 6 free of said deeds of trust in the hands of the plaintiff." And also the allegation, in effect, that Green failed to pay the notes and allowed the lot to be sold on January 10, 1908. The proposition of appellant is, substantially stated, that plaintiff had no right of action against Green until the trustee's sale, by which lot 6 was sold away from her.

In the opinion originally delivered by this court we held, citing Jones on Mortgages, § 769, and Hollister v. Strahon, 23 S. D. 570, 122 N. W. 604, and in accordance with other cases not cited in the opinion, that Green's undertaking was to pay the notes when due, the ultimate date being in 1903, and that, upon his failure to do this, plaintiff had a right of action against him upon the contract. The motion for rehearing calls our attention to the case of Gunst v. Pelham, 74 Tex. 588, 12 S. W. 233, where the contrary is held by the Supreme Court of this state. Plaintiff had no right of action against de-

fendant until she paid the notes, in whole or in part, either in money or with her property. According to the petition defendant's undertaking was to pay off the notes and leave plaintiff's other lot clear, and this contract was not breached in such manner that plaintiff could maintain an action against defendant thereon, until the trustee's sale which deprived her of her remaining lot. The court erred in sustaining the demurrer.

The original opinion is withdrawn, the motion for rehearing sustained, the judgment reversed, and the cause remanded.

### On Rehearing.

We deem it advisable to cite, in connection with the main opinion, the case of Thomas v. Ellison (by the Supreme Court of this state) 102 Tex. 354, 116 S. W. 1143.

The motion is overruled.