GREEN v. GREGORY et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912.)

1. DAMAGES (§ 175*) — CONTRACT—BREACH—EVIDENCE.

Where plaintiff conveyed to defendant one of two lots, on both of which there was a mortgage, on consideration of defendant's agreement to pay the whole debt, which he failed to do, so that plaintiff's remaining lot was lost to her under foreclosure, the measure of plaintiff's damages being the value of such lot at the date it was sold, with interest at 6 per cent., evidence of the value of the lot at the time of the trial of the action for breach of defendant's contract was inadmissible.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 175.*]

2. CONTRACTS (§ 321*)—BREACH — RIGHT OF ACTION—ACCRUAL.

Where plaintiff conveyed one of two lots to defendant, in consideration of his promise to pay off a mortgage covering both of them, plaintiff, on defendant's failure to pay the mortgage, was not bound to pay it herself, but was entitled to wait until both the lots were sold under foreclosure, and then sue for the value of the lot retained.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 321.*]

3. LIMITATION OF ACTIONS (§ 46*)—ACCRUAL OF RIGHT—BREACH OF CONTRACT.

Where plaintiff conveyed one of two lots to defendant, in consideration of his promise to pay off a mortgage on both, which he failed to do, whereupon the lots were sold under foreclosure, limitations did not begin to run against plaintiff's right to recover the value of the lot retained until the foreclosure sale.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 252; Dec. Dig. § 46.*]

4. CONTRACTS (§ 332*)—BREACH—PETITION.

In a suit for breach of contract to pay off a mortgage on two lots, in consideration of the conveyance of one of them to defendant, a petition, alleging that the mortgage was foreclosed and the property sold, that defendant had assumed the debt, and had defaulted in payment, etc., stated a cause of action, though it did not allege whether plaintiff was a party to the foreclosure proceedings.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. § 332.*]

5. EVIDENCE (§ 183*)—BEST AND SECONDARY EVIDENCE — COPIES OF RECORDS — LOSS OF ORIGINAL.

Rev. St. 1895, art. 2312, provides that every written instrument which has been recorded, after having been approved or acknowledged as required by law, shall be admitted as evidence without proof of execution, provided the party wishing to offer it files it among the papers in the suit at least three days before the commencement of the trial, and gives notice thereof to the opposite party, unless such opposite party shall file an affidavit that he believes the instrument forged; and that, whenever any party shall file among the papers of a cause an affidavit that a written instrument so recorded has been lost, or that he cannot procure the original, a certified copy of the record shall be admitted in like manner as the original. Held, that the latter part of the section, referring to the introduction of recorded instruments without proof of execution, applied only to the original instruments, and that copies of a record of deed of trust which had been duly acknowledged and recorded were inadmissible, in the absence of an affidavit of loss or inability to procure the original.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 605–637; Dec. Dig. § 183.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Martha Gregory and others against Charles W. Green. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Guinn & McNeill, for appellant. Jas. Raley, for appellees.

FLY, J. Martha Gregory instituted this suit against appellant, Amelia Yost, and E. H. Woodham, but the latter two were dismissed from the suit.

The cause of action is based upon a failure of appellant to pay off certain claims against two lots of land in San Antonio, Tex., which he bound himself to pay as a consideration for one of the lots. It was alleged that on account of his failure to pay the notes, which were secured by mortgages on the two lots, they were sold, and the lot she had retained was lost to her. The cause was tried by jury, and resulted in a ver-

dict and judgment for appellee Martha Gregory for $490. This is a second appeal of the case. Gregory v. Green, 133 S. W. 481.

[1] The first assignment is overruled. The measure of damages was the value of the lot lost to the owner by the failure of appellant to pay off and discharge the indebtedness against the two lots. The value of the lot was what Martha Gregory lost by a breach of the contract. It did not matter what the value of lot 7 may have been; that did not concern appellee Gregory. · She alleged the value of lot No. 6, which she lost, and which was the measure of her damages.

[2, 3] No right of action accrued to Martha Gregory against appellant until the lot was sold. Gregory v. Green, 133 S. W. 481; Gunst v. Pelham, 74 Tex. 588, 12 S. W. 233; Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1143. Doubtless appellee Gregory could have paid off the amounts due on the two notes when they became due; but she was not compelled to take that action, but could rest on the promise of appellant to pay them. She had no cause of action against appellant without paying off the indebtedness, and, not choosing, or not being able, to pay the indebtedness, she had no cause of action against appellant until the contract was breached by a sale of the property. The property was sold in 1908, and this suit was instituted on September 14, 1909, and the claim was therefore not barred by limitation. The case of Geistweidt v. Mann, 37 S. W. 372, decided by this court, and the only Texas case relied on by appellant, has no application whatever to the facts of this case.

[4] The fifth, sixth, and seventh assignments of error are based on the overruling of special exceptions to the petition, and are without merit. It was not necessary to allege that plaintiff was or was not a party to the foreclosure proceedings. The petition stated that the deed of trust was foreclosed and the property sold. It was also alleged that appellant had assumed the indebtedness on the two lots, and that he defaulted in the payments of the notes, and that the lots were sold to pay the notes. The petition could have been amplified and made clearer, but was sufficient.

[5] When Martha Gregory sought to introduce in evidence copies of the record of the deed of trust, the deed by her to appellant, and the deed made by the trustee, they were objected to, because not the best evidence, the originals not being accounted for, and that they were irrelevant and immaterial. The instruments were all filed in the cause on June 25, 1910, and the cause was tried on March 13, 1911, and no objection was raised until the time of trial. The objections to the evidence should have been sustained.

No effort was made to account for the absence of the originals; and there is no provision in the statutes of Texas for the use of copies of the record of instruments, except in cases where a party to a suit shall file among the papers of the cause an affidavit stating that the instrument of writing has been lost, or that he cannot procure the original. Rev. Stats. art. 2312. Appellant had the right to object to the copies of the record of the instruments when offered in evidence, no matter how long they had been on file. Notice cannot make a copy of a record evidence, unless the affidavit of loss of the original has been made. The objection went to the vital point in the matter—that is, that the original was the best evidence—and, its absence not being accounted for, copies of the record could not be used. Appellee seems to labor under the impression that the first part of article 2312 applies to copies of records; but it has reference to originals alone, which it provides may be admitted in evidence without proof of execution, if they have been recorded as provided by law and filed in the suit at least three days before the commencement of the trial, and notice given to the opposite party. Whenever a certified copy of the record of any instrument in writing is desired to be placed in evidence, an affidavit of loss or inability to procure the original must be made. There was no allegation that any of the instruments of writing were in the possession of appellant.

It was said by the Supreme Court, in Crayton v. Munger, 11 Tex. 234, "The statute is in derogation of the common-law rules of evidence, and should be strictly complied with by the party seeking its aid," and the language was used in connection with a statute practically the same as the present one. The case cited has been often approved by the Supreme Court. Butler v. Dunagan, 19 Tex. 559; Hooper v. Hall, 30 Tex. 158; Hill v. Taylor, 77 Tex. 295, 14 S. W. 366.

The value of the property at the time it was sold, with interest at 6 per cent., was the proper measure of damages, and it was error to permit evidence of the value of the property at the time the suit was instituted, or at the time of the trial.

For the errors indicated, the judgment will be reversed and the cause remanded.