FRIEDMAN v. SAMPSON.　(No. 7040.)*

(Court of Civil Appeals of Texas.　Galveston.
Dec. 14, 1915.　Rehearing Denied
Jan. 6, 1916.)

1. LIMITATION OF ACTIONS ⬞➝56—EXCHANGE
OF REALTY—LIABILITY ON ASSUMED INCUM-
BRANCE.

Where defendant, exchanging his realty for
that of plaintiff, assumed payment of a note
for $4,000 which was an incumbrance upon
plaintiff's property, plaintiff had no right of ac-
tion against defendant for breach of his agree-
ment to pay such note until plaintiff paid the
note to the holder, so that limitations did not
begin to run on plaintiff's right to sue until he
had completed payment.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 307–311; Dec. Dig.
⬞➝56.]

2. COURTS ⬞➝95—STATE COURTS—EXTRATERRI-
TORIAL FORCE OF DECISIONS.

Decisions of state courts generally are not
laws controlling the courts of other states, ex-
cept in so far as they construe the statute law of
their respective states.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 322, 323; Dec. Dig. ⬞➝95.]

Appeal from District Court, Harris Coun-
ty; John A. Read, Judge.

Action by Lewis E. Sampson against J. A.
Friedman.　From a judgment for plaintiff,
defendant appeals.　Affirmed.

A. R. & W. P. Hamblen and Guynes & Col-
gin, all of Houston, for appellant.　A. B. Wil-
son and Cole & Cole, all of Houston, for ap-
pellee.

LANE, J.　That the nature of the suit, re-
sult of the trial in the lower court, and the
issues involved, may be readily understood,
we make the following statement: On the 22d
day of February, 1909, J. A. Friedman, of
Harris county, Tex., appellant herein, and ap-
pellee, L. E. Sampson, entered into a written
contract at Houston, Tex., by which Fried-
man agreed to convey to Sampson 960 acres
of land in Texas in exchange for the convey-
ance by Sampson of certain property in Iowa.
One piece or parcel of the property to be
conveyed by Sampson to Friedman was and
is known as the "Mill" property, situated in
the city of Menlo, in Iowa.　It was shown
by the contract that at the date thereof
Sampson owed a note upon which there was
a balance due of $4,000, bearing 7 per cent.
interest per annum, due and payable on the
17th day of January, 1909, to one Sanborn,
which was an incumbrance upon said Mill
property.　The contract shows on its face
that Friedman assumed the payment of said
incumbrance.　In performance of said con-
tract, appellee, L. E. Sampson, by deed dated
March 26, 1909, conveyed said Mill property
to Friedman, which said deed contained a
stipulation that the grantee, Friedman, "as-
sumes and agrees to pay" the debt of $4,000
due to said Sanborn.　In October, 1909, San-
born sued Friedman, and Sampson, maker of

the note assumed by Friedman, and recover-
ed judgment against Sampson for the prin-
cipal and interest of said note, and a fore-
closure of his lien upon said Mill property
against both Sampson and appellant Fried-
man.　On January 11, 1910, said Mill prop-
erty was sold under said judgment for $575.
After paying costs of suit, the balance of
$442.28 was credited on said judgment.　On
the 16th day of April, 1912, Sampson paid
$1,000 on said judgment, and on the 9th day
of April, 1913, he paid $3,779.28, balance due
thereon.　Friedman, who had assumed and
promised to pay Sanborn's debt against
Sampson, refused to repay Sampson the said
sum of $4,779.28 which he had paid in dis-
charge thereof.　On the 29th day of Septem-
ber, 1913, Sampson instituted this suit in the
district court of Harris county, Tex., against
Friedman, to recover the $1,000 paid by him
on said judgment on the 16th day of April,
1912, and for the further sum of $3,779.28
paid thereon, on the 9th day of April, 1913,
with 7 per cent. interest per annum from
date of said payments, respectively.　Among
other matters, not necessary to state for the
purpose of this opinion, appellant Friedman
pleaded the four-year statute of limitations,
of both the states of Texas and Iowa, in bar
of appellee's right to recover.　The case was
submitted to a jury, which returned a verdict
for appellee Sampson for the sum of $4,-
779.28, with 7 per cent. interest thereon from
date of judgment, for which said sum judg-
ment was rendered for said Sampson, and
from which Friedman has appealed.

All of appellant's complaints of the trial
and result of this suit may be grouped and
briefly stated as follows:

[1] Appellant contends that as he had as-
sumed to pay off the balance of $4,000 and
interest due on the note executed by Samp-
son which was due on the 17th day of Janu-
ary, 1909, he became obligated to pay same
on the 26th day of March, 1909, the date on
which he assumed its payment, and that ap-
pellee Sampson had the legal right to sue
him at that time to enforce such payment,
and hence appellee's cause of action accrued
on the 26th day of March, 1909, and was
barred under the four-year statute of limita-
tions on the 29th day of September, 1913, the
date on which this suit was brought.　That
his contract or agreement to pay said debt
was to be performed in the state of Iowa,
and that the Supreme Court of that state
having held that such causes as appellee's
in this case accrued at the maturity of the
debt assumed, such would be the law govern-
ing the trial of this case, and hence appel-
lee's cause of action was barred at the time
he brought his suit on the 29th day of Sep-
tember, 1913.

Appellee contends that his cause of action
did not accrue, and that he could not have
sued appellant thereon, until after he had
paid the debt which had been assumed by ap-

pellant, a part of which he paid on the 16th day of April, 1912, and the remainder on the 9th day of April, 1913, and that as his suit was filed on the 29th day of September, 1913, no part of his cause of action was barred by any statute of limitation.

The courts of this state have uniformly held that a purchaser, who agrees to pay a note held by a third party against his vendor which constitutes a lien on the land purchased, is not liable on such note in an action by his vendor against him, unless such vendor has paid the note to such third party. Gunst v. Pelham, 74 Tex. 586, 12 S. W. 233; Thomas v. Ellison, 102 Tex. at page 356, 116 S. W. 1141; Gregory v. Green, 133 S. W. 481; Id., 142 S. W. 999; Bexar Building Co. v. Newman, 25 S. W. at page 464. See, also, Ayers v. Dixon, 78 N. Y. 318; Lappen v. Gill, 129 Mass. 349.

[2] Decisions of state courts generally are not laws which control the courts of other states, except in so far as they construe the statute laws of their respective states. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Railway Co. v. Bank, 102 U. S. 15, 26 L. Ed. 61.

Commercial laws, and many other laws of universal application, are not the laws of any particular state, and therefore the court of each state should determine such laws and their application for themselves. Alexander v. Bank, 19 Tex. Civ. App. 620, 47 S. W. 840; Pattillo v. Alexander, 105 Ga. 482, 30 S. E. 644; St. Nicholas Bank v. Bank, 128 N. Y. 26, 27 N. E. 849, 13 L. R. A. 241.

In the case of Pattillo v. Alexander, supra, the court said:

"It follows from the above that it was error to admit evidence showing what construction, based upon the common law, the Supreme Court of Tennessee had placed upon similar contracts."

We think it clear, from what has been said, that the jury was properly charged; that its verdict rejecting appellant's plea of limitation is supported by the law applicable to the case, as given to it by the court, and by the evidence; and that no error was committed by the trial court in rendering judgment for appellee upon the verdict of the jury. Therefore the judgment of the trial court is affirmed.

Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes