## LATIMER et al. v. TEXAS & N. O. R. CO.
### No. 2260.

Court of Civil Appeals of Texas. Beaumont.
Feb. 2, 1933.

Rehearing Denied Feb. 8, 1933.

Butler & Reeves, of Beaumont, and V. J. Wistner, of Port Arthur, for appellants.

Duff & Cecil, of Beaumont, for appellee.

O'QUINN, J.

September 26, 1928, appellee, Texas & New Orleans Railroad Company, filed suit in the district court of Jefferson county, Tex., against appellants, S. O. Latimer and R. T. McMullen, to recover of them the sum of $1,072.90, as sureties on an indemnity bond. For cause of action, appellee alleged: That on February 14, 1924, it was a common carrier of freight and passengers for hire, and had lines operating into the city of Port Arthur, Jefferson county, Tex.; that on said date and at said place it had in its possession a shipment of sweet potatoes which it had transported from Gallatin, Tex., to said city of Port Arthur; that said potatoes were shipped and were transported on what is known as "Shipper's order, notify" bill of lading; that in said bill of lading the shipper was A. C. Bridges, and said potatoes were shipped to his order at Port Arthur, with instructions to notify the Port Arthur Fruit Company; that under said bill of lading the potatoes remained the property of the shipper, A. C. Bridges, and it, the railroad, was not authorized to deliver same to said Port Arthur Fruit Company until said company presented to it the bill of lading showing that it, said fruit company, was entitled to the possession of said property; that on or about said date said Port Arthur Fruit Company represented to appellee that said fruit company was in immediate need of said potatoes and had made inquiries at all the banks in Port Arthur for the purpose of locating said bill of lading and paying off the draft attached thereto drawn against it, said fruit company, by the shipper and obtaining the bill of lading, but that said bill of lading had not arrived at any of said banks; that in order to obtain said shipment of potatoes said Port Arthur Fruit Company executed and delivered to appellee its indemnity bond, and that appellants, S. O. Latimer and R. T. McMullen, signed said bond as sureties, whereby they and each of them jointly and severally agreed and became obligated and bound to indemnify and save harmless appellee, and its connections interested, against any claim that might arise from the production of said bill of lading; including damages, attorney's fees, court costs, and interest, and further agreed that suit against them, said sureties, might be filed in Jefferson county, and attached to its petition a copy

of said bond; that after delivery to appellee of said bond,' it delivered said shipment of potatoes to said Port Arthur Fruit Company, but that said fruit company failed thereafter to procure and surrender to it the order bill of lading, and that a claim was filed against it, the railroad, by the shipper of said potatoes, A. C. Bridges, because of said delivery of said potatoes to said Port Arthur Fruit Company; that subsequent to the filing of said claim, Bridges filed suit against it, the railroad, in the district court of Cherokee county, Tex.; that it interpleaded said fruit company and the appellants as defendants in said suit; and that judgment in said suit was rendered against it, the railroad company, in favor of said Bridges in the sum of $1,018.78, with interest thereon at the rate of 6 per cent. per annum, and for costs of suit amounting to $54.12, and that it, appellee, 'recover judgment over and against said Port Arthur Fruit Company for said sums; that citations were not served on appellants, and, although judgment was rendered against them, the judgment was admittedly void. Appellee further alleged: That it was compelled to and did pay off and satisfy said judgment and court costs which amounted to the sum of $1,072.90, said payment being made to said A. C. Bridges on October 9, 1924; that it had not been able to collect its said judgment in said amount from the said Port Arthur Fruit Company, but said company had refused and failed to pay it as they agreed and obligated themselves to do in their said indemnity bond, and prayed for judgment. The petition was duly verified, and a copy of the bond and copy of the affidavit of the Port Arthur Fruit Company executed for the purpose of securing the delivery of said shipment of potatoes were attached to said petition.

Appellants, defendants below, answered by plea in abatement on the ground that this being a suit against them on an indemnity bond as sureties, and the parties primarily liable, the Port Arthur Fruit Company, a partnership composed of Chas. Angelo, Michael Matise, and Joe Petronello, were not made parties to the instant suit, wherefore proper judgment could not be rendered, because of which the suit should abate; general demurrer, several special exceptions, general denial, special plea of the two and four-year statutes of limitation in bar of plaintiff's cause of action; and several special matters of defense not necessary to here mention, but which will be discussed later. By cross-action, they prayed for judgment over against said Angelo, Matise, and Petronello, for such amount as might be rendered against them.

The case was tried to the court without a jury, and judgment rendered in favor of appellee in the sum of $925, from which judgment defendants have brought this appeal.

The bond upon which plaintiff based its suit reads:

"Indemnity Bond

"Whereas, it is desired by Port Arthur Fruit Co. that the following described shipment of goods: Car sweet potatoes loaded in car PFE 4530 shipped by A. C. Bridges from Gallatin originally consigned to shipper's order notify Port Arthur Fruit Co. at Port Arthur, Texas, and covered by Gallatin—Co., to Port Arthur waybill No. L-2 dated 2—13—24, should now be delivered to Port Arthur Fruit Co. without surrender of the original bill of lading covering this shipment, for the reason named in affidavit below:

"Now, therefore, the undersigned in consideration of the delivery of the goods as above set forth, to Port Arthur Fruit Co., do hereby agree, jointly and severally, to bind ourselves, administrators, executors and assigns to indemnify and save harmless the T. & N. O. R. R. Co. and its connections interested and to protect them against any claim that may arise from the production of the said bill of lading, including damages, attorney's fees, court costs and interest. In case suit is filed against us by said Railroad Company or its interested connections, under this writing, we agree that it may be filed in any court of Jefferson County Texas, having jurisdiction of the amount sued for.

"In witness whereof we have hereto affixed our signatures this 14 day of Feby. A. D. 1924.

"Port Arthur Fruit Co.
"By: Chas. Angelo
"By: Michael Matise
"By: Geo. Pemerilli,
"Principal
"S. O. Latimer,
"Surety
"R. T. McMullen, '
"Surety
"Witness: G. C. Wedelle
"Executed at Port Arthur, Texas."

Then follows affidavit of Port Arthur Fruit Company.

It is insisted that, because appellee's petition did not allege that the bill of lading had been produced and appellee had thereby suffered damages, the petition failed to state a cause of action, and appellants' (defendants') general demurrer should have been sustained. The proposition is overruled. The purpose and intent of the bond was to indemnify and save harmless the railroad against any claim or damages resulting from its releasing and delivering to the Port Arthur Fruit Company the shipment of potatoes in question under the circumstances recited in the affidavit of said fruit company, and in the bond. The original undertaking of the railroad was that it would not release the potatoes nor deliver same to any party,

other than the shipper, Bridges, unless the bill of lading was produced and showing made that the draft thereto attached had been paid. The bill of lading having been lost and could not be produced, upon affidavit of the party to whom notice of arrival of the shipment was directed to be given, the fruit company, and the execution of the bond indemnifying the railroad against damages for delivering said potatoes to said fruit company, said delivery was made by the railroad. The petition alleged these facts and that claim had been made and suit filed against it by the shipper, Bridges, for so delivering said property, and that judgment had been rendered against it for the value of said property, which judgment it was compelled to pay. The petition was sufficient.

■ By their second and fifth propositions, appellants complain that the court erred in not sustaining their plea in abatement, and in not dismissing the suit. These propositions are based upon the contention that appellee did not make the principal in the bond, Port Arthur Fruit Company, a party defendant in the suit, they being obligated only as sureties for said principal, and that its petition did not allege any reason for not suing said principal or that the partners composing said fruit company, principal, were beyond the limits of the state, or that they could not be reached by ordinary process of law, or that their residence was unknown and could not be ascertained by the use of reasonable diligence, or that they were dead, or actually and notoriously insolvent, the petition was subject to general demurrer.

These propositions are overruled. Article 6251, R. S. 1925, reads: "No surety shall be sued, unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in the cases otherwise provided for in the laws relating to parties to suits."

Appellee, in its petition, alleged, and the evidence supports the allegation, that it made the principal in the bond, the Port Arthur Fruit Company, and the individuals composing said company parties defendant in the suit against it by Bridges, the shipper of the property, and that, when judgment was rendered against it in favor of Bridges for the value of the property, it recovered judgment over against the Port Arthur Fruit Company, and against Charles Angelo, the judgment reciting that he was doing business as the Port Arthur Fruit Company, for the amount of the judgment against it. The petition further alleged that plaintiff had not been able to collect its said judgment from said fruit company, but that payment thereof had been refused. The record clearly shows that plaintiff had before the filing of the instant suit recovered judgment against the principal in the bond, and hence, under the statute above quoted, appellee did not have to make such principal a party defendant, but was authorized to sue the defendants herein, sureties, alone. We are cited to the cases of Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.(2d) 748, as sustaining appellants' contention that their general demurrer should have been sustained because the principal in the bond was not made a party defendant. That case is wholly different from the instant case on the facts as well as on the pleadings. In the cited case there was neither allegation nor proof that judgment had been rendered against the principal, while in the instant case there was both allegation and proof that judgment had been had against the principal in favor of plaintiff before the suit against the sureties was filed. The cited case has no application to the facts in the instant case.

■ The third, fourth, and fourteenth propositions are presented together, and complain that the court erred in overruling their special exception and special plea that appellee's cause of action was barred by the four years' statute of limitation. The record discloses that the judgment against appellee in favor of Bridges was rendered and became final on July 31, 1924. Appellee paid the judgment on October 9, 1924. This suit by appellee against appellants, sureties on the indemnity bond, was filed in the district court of Jefferson county, Tex., on September 26, 1928. Appellants insist that appellee's cause of action accrued on the date the judgment became final, July 31, 1924, and that limitation began to run from that date, and, four years having elapsed before the filing of the suit on September 26, 1928, judgment should have been for appellants. Appellee insists that its cause of action did not accrue until it paid the judgment on October 9, 1924, and that limitation did not commence to run until said date, which was less than four years prior to the filing of the instant suit. We think appellee's contention should be sustained. The obligation of appellants, being that of sureties, was one of indemnity only. The rule seems to be well settled that one complaining of the breach of an indemnity contract must, in order to show himself entitled to recover, show that he has paid the debt in controversy. In other words, before appellee here could maintain its suit against appellants, sureties on the indemnity bond, it must have paid off and satisfied the judgment against it; until it did so, it had not suffered any damages, to save it from which the bond was executed. Gunst v. Pelham, 74 Tex. 586, 12 S. W. 233; First State Bank v. Wallace (Tex. Civ. App.) 161 S. W. 957 (writ refused); Closner v. Chapin (Tex. Civ. App.) 168 S. W. 370, 373 (writ refused); St. Paul Fire & Marine Insurance Co. v. Charlton (Tex. Civ. App.) 231 S. W. 862; Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141;

Friedman v. Sampson (Tex. Civ. App.) 181 S. W. 779 (writ refused); Bank of Snyder v. Howell (Tex. Com. App.) 208 S. W. 908, 911; 16 A. & E. Ency. Law (2nd Ed.) 178 (and authorities cited in No. 5 footnote—Best Rule); 31 C. J. § 51, p. 452.

■■ The sixth, seventh, and eighth propositions urge that the court erred in overruling appellants' general demurrer because: (a) Plaintiff's petition failed to allege that the obligors in the bond (defendants-sureties) had notice of the suit by Bridges against appellee and an opportunity to defend against such suit; (b) that the petition failed to allege that Bridges, plaintiff, in his suit against appellee, the railroad, had a good cause of action on which he recovered against it; and (c) that said petition failed to allege a breach of the indemnity contract by defendants; wherefore, said demurrer should have been sustained. These propositions are presented and will be considered together.

We have no cavil with appellants' statement, nor the authorities cited to sustain same, that facts not alleged, though proved, cannot form the basis of a judgment, and that pleadings are as essential as evidence, as the basis for a valid judgment. This has always been the recognized rule everywhere. The tug comes in deciding what facts, according to the nature of the case, are necessary to be alleged. Appellants, defendants, rest their contention, in the main, as we perceive, upon the following statement from 31 C. J. p. 466: "In an action on a bond to indemnify against a suit or demand the declaration must show either that obligors had notice of the action against the obligee and an opportunity to defend it, or that the person bringing the suit had a good cause of action on which he recovered or might have recovered against the obligee."

The authority quoted does not state that unless the indemnitee gives the indemnitor notice of suit against the indemnitee, and thus afford an opportunity to appear and defend against the suit, the suit cannot be maintained, and renders a petition without such allegation subject to general demurrer. It says in the alternative that the petition should either allege such notice, or that the person bringing the suit had a good cause of action on which he recovered or might have recovered. It amounts to saying that the giving of notice is not a prerequisite to the maintaining of such suit. We think this is the effect of the holding in Browne v. French, 3 Tex. Civ. App. 445, 22 S. W. 581. That case holds that sureties on an indemnity bond are not estopped from denying the conclusiveness of a judgment against the indemnitor where they have not been made parties to the suit and thus given an opportunity to defend against it. It must follow, we think, that where the indemnitor or his

sureties has had notice of an action against the indemnitee and an opportunity to defend the same, a judgment rendered therein against the indemnitee is conclusive on the indemnitor, and so on his sureties with notice, as to the extent as well as the existence of the liability of the indemnitee. But in the absence of such notice the judgment is merely prima facie evidence of these matters as against the indemnitor, or his sureties. 16 A. & E. Ency. Law (2d Ed.) 180; 31 C. J. § 53, p. 453; Id., § 62, p. 463. The failure to give notice does not affect the right of action, but simply changes the burden of proof; the indemnitee being required to establish his right to recover; the indemnitor and his sureties then having the right to offer their defenses, if any, against the right to recover. In the instant case, appellee, plaintiff, the indemnitee, pleaded its cause of action, and made proof establishing a prima facie right to recover. Appellants, defendants, offered no evidence whatever. Having established prima facie its right to recover, and no evidence to the contrary having been offered, judgment for appellee was proper. United States Fidelity & Guaranty Co. v. Paulk (Tex. Civ. App.) 15 S.W.(2d) 100.

■ The further contentions that appellee's petition failed to allege that Bridges, plaintiff in the suit against the indemnitee, railroad, had a good cause of action, and that said petition did not allege that the indemnity contract had been breached are overruled. The petition sufficiently alleged all the matters complained of, and the undisputed facts show that the indemnitee, railroad, had no defense against the cause of action asserted against it.

■ Appellants' twelfth proposition asserts that because appellee, when it was sued by the shipper of the property in question in Cherokee county, impleaded the principal in the indemnity bond, the Port Arthur Fruit Company, and the individuals composing said company, and prosecuted its suit over against them to judgment, and did not make appellants, sureties on the indemnity bond, parties defendant, it thereby elected to proceed against the principal in the bond only, and to look solely to said principal for indemnity, and was thereby estopped to bring this suit against them, the sureties.

This contention is not sound. No authority is cited to sustain same, nor do we believe any such authority can be found. Article 6251, R. S. 1925, which provides that no surety shall be sued, unless his principal is joined with him, unless a judgment has previously been rendered against his principal, contemplates this very situation; that is, that the person indemnified may sue the indemnifier, obtain judgment, and, failing to secure his damages against which he was

indemnified, he may then proceed against the sureties in indemnification, without jeopardizing his right to maintain such suit.

Other propositions are presented, but as they are in effect but different forms of assignments already considered, they will not be discussed, and are all overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.