DOVIE L. TALLEY ET AL V. A. M. HOWSLEY ET AL.

No. 8122. Decided December 8, 1943.
Rehearing overruled January 5, 1944.
(176 S. W., 2d Series, 159.)

*Bryan, Stone, Wade & Agerton, J. B. Wade,* and *G. W. Parker, Jr.,* all of Fort Worth, for petitioners.

The vendee having purchased the land less the minerals which had been expressly reserved by the vendor, and having in said deed assumed the payment of outstanding notes against the land, was estopped, when he reacquired the land and minerals after foreclosure upon the original notes, to assert title to the minerals against the vendor or his heirs or vendees, whether the covenant ran with the land or not. Beitel v. Dobbin, 44 S. W. 299; Kerr v. Erickson, 24 S. W. (2d) 21; Caswell v. Llano Oil Co., 36 S. W. (2d) 208.

*A. M. Howsley,* of Albany, *John Lee Smith,* of Throckmorton and *Brannan & Tipps,* of Wichita Falls, for respondents.

The minerals being severed from the surface and not passing in the deed from the vendor to the vendee, the recitals in the deed

cannot create an estoppel against the purchase of the minerals since there is no privity between the vendor and the holders of the reserve mineral estate. The assumption of an outstanding note by the vendee as a part of the purchase price of the surface is not such a covenant as would preclude his subsequent purchase of the minerals from a different owner. Newton v. Easterwood, 154 S. W. 646; Clark v. Gaunt, 161 S. W. (2d) 270; 4 Tiffany on Real Property, 643.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit in trespass to try title to recover certain minerals under a 160-acre tract of land situated in Throckmorton County. The trial court rendered judgment that plaintiffs take nothing, which judgment was affirmed by the Court of Civil Appeals at Eastland. 170 S. W. (2d) 240.

The land involved, together with other lands, was conveyed to Robert McKeichen by partition deed. Robert McKeichen assumed the payment of the vendor's lien note. The note was renewed and secured by a deed of trust on September 15, 1924. N. L. B. Davis was the holder of the mortgage indebtedness. Robert McKeichen conveyed to Crawley an undivided one-half interest in and to the minerals on July 10, 1925, and conveyed the land to Will McKeichen on October 2, 1926, in which conveyance all the minerals were reserved or excepted. By express recital in said deed Will McKeichen assumed the payment of the mortgage indebtedness to N. L. B. Davis. This mortgage indebtedness was renewed and extended by Will McKeichen. The owner of the indebtedness filed suit in the district court of Throckmorton County to foreclose the mortgage against Will McKeichen, the heirs of Robert McKeichen, the record holder of all mineral interests, and the holder of a second lien indebtedness. Judgment for debt and foreclosure was rendered on June 4, 1935. N. L. B. Davis, the judgment creditor, bought the land at sheriff's sale. Davis sold the land on July 24, 1936, and all minerals except 20 acres, to Will McKeichen. Thereafter the land was leased for oil and gas and some 23 producing oil wells were drilled thereon. The present suit was filed on December 10, 1941, by the heirs of Robert McKeichen and his grantees of mineral interests made prior to the foreclosure proceedings above mentioned.

It is contended by the heirs and assignees of Robert McKeichen, that Will McKeichen, having purchased the land less the minerals which had been expressly reserved by Robert Mc-

Keichen, and having by express recital in his deed assumed the indebtedness to Davis, which was secured by deed of trust lien upon both the minerals and the surface estate, was estopped to thereafter reacquire the land and minerals from Davis after his purchase at foreclosure sale, and to assert such title against the heirs and assignees of Robert McKeichen.

■ A careful consideration of the facts will demonstrate that the contention of petitioners cannot be properly sustained. The conveyance of an undivided one-half interest in and to the minerals to Crawley and the reservation or exception of "all the minerals" contained in the deed to Will McKeichen by Robert McKeichen, effectually severed the mineral estate from the surface estate in the land. Texas Company v. Daugherty, 107 Texas 226, 176 S. W. 717. Hence, no title to the mineral estate passed in virtue of the conveyance from Robert McKeichen to Will McKeichen.

■■ The contract of assumption of Will McKeichen, made by express recital in his deed conveying the surface estate to him, obligated Will McKeichen to pay the mortgage indebtedness to N. L. B. Davis and not to Robert McKeichen. As between them, it gave no immediate right of action to Robert McKeichen against Will McKeichen. As between them, Will McKeichen became primarily liable to pay the Davis mortgage indebtedness, but Robert McKeichen could only acquire a right of action against Will McKeichen upon the contract of assumption by paying the note himself. Gunst v. Pelham, 74 Texas 586, 12 S. W. 233. Robert McKeichen could maintain an action for the breach of the contract of assumption by Will McKeichen after the foreclosure sale to recover the value of the mineral estate which was lost to him on that date. Gregory v. Green, 133 S. W. 481; Green v. Greyory, 142 S. W. 999.

■ It is not claimed in this action, to which Will McKeichen is not a party, that the mortgage indebtedness due to Davis was paid by either Robert McKeichen, his heirs or assignees. Neither is this an action for the recovery of the value of the mineral estate which was lost on the date of the judicial sale. The theory here asserted is that Will McKeichen, by his contract of assumption contained in his deed to the surface estate, will not be allowed to suffer the foreclosure sale and thereafter acquire the title to the minerals and assert the same against Robert McKeichen, his heirs or assignees, under the doctrine of estoppel to assert an after-acquired title.

In 21 Corpus Juris, page 1095, par. 81, it is said:

"The grantee will not be estopped by such reservation or exception from setting up title to the reserved interest after-acquired and through a source hostile to a title of the grantor."

An estoppel by recitals contained in a deed should be restricted to the estate it intends to convey and should not apply to a reserved or excepted estate, as in this case, the minerals. The doctrine of estoppel in the after-acquired title cases arises in virtue of the representation made in a deed:

"That the grantor owns the land or an interest therein and having thus represented the fact of ownership, the grantor is estopped to deny that fact." Clark v. Gauntt, 138 Texas 558, 161 S. W. (2d) 270, 272.

Also, in the case of Stoepler v. Silberberg, 220 Mo. 358, 119 S. W. 418, 419, it is said:

"A warranty only refers to the interest conveyed and the grantor will not be estopped to assert another interest in the land subsequently acquired."

Will McKeichen, by the acceptance of the deed to the surface estate with the mineral estate reserved or excepted, made no representation that he owned the minerals under the land. Therefore, the doctrine of estoppel in the after-acquired title to such minerals is not applicable.

The cases upon which the petitioners mainly rely are Beitel v. Dobbin, 44 S. W. 299 (writ refused); Kerr v. Erickson, 24 S. W. (2d) 21, (Com. App.). In these cases the purchaser of land as a part of the consideration assumed the payment of a first and second mortgage and permitted the land to be sold under the first mortgage and bought the land either at the sale or from a purchaser at the sale. In the suit of the holders of the second lien to foreclose the debt and lien it was decided:

"That a purchaser of property who agreed as a part of the consideration to pay off two mortgages upon it, cannot suffer a sale to take place under the prior one and, without discharging the junior mortgage, claim title against him."

The rule announced in those cases is not applicable to this case for the obvious reason that the mortgage indebtedness which Will McKeichen assumed to pay was never owned by petitioners, nor was it paid by them.

It will not be necessary to discuss petitioner's second through fourth points of error because those points are dependent upon the first point of error being sustained.

■ It is contended by the petitioners that a constructive trust arose in favor of the heirs and assignees of Robert McKeichen by virtue of the default of Will McKeichen of his contract of assumption, the resultant sale of the minerals at foreclosure, and the purchase of such minerals from Davis by Will McKeichen. In Volume 1, page 5 of the American Law Institute's Restatement of the Law of Trusts, a constructive trust is defined as follows:

"A constructive trust is a relationship with respect to property, subjecting the person by whom the title to the property is held to an equitable duty to convey it to another, on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property."

The only default of Will McKeichen as shown by this record is his failure to pay the Davis mortgage indebtedness, which he contracted to do in the future, at the time he received a conveyance of the surface estate. Does this failure operate to supply the necessary element of a constructive trust? We think not. In 65 C. J., p. 455, par. 215, it is said:

"Fraud, actual or constructive, is an essential element in the creation or existence of a constructive trust * * *."

The Texas cases cited amply support the text. Moreover, it has been many times decided in this State that the failure to discharge a promise of something to be done in the future is not fraud. Rapid Transit Co. v. Smith, 98 Texas 553, 86 S. W. 322, citing Chicago T. & M. C. R. Co. v. Titterington, 84 Texas 218, 19 S. W. 472; 31 Am. St. Rep. 39. It is seen that at least an essential element necessary to create a constructive trust is lacking in the present case.

These conclusions require an affirmance of the judgment of the Court of Civil Appeals which affirmed a judgment of the trial court in favor of respondents.

Opinion adopted by the Supreme Court December 8, 1943.

Rehearing overruled January 5, 1944.