## James B. Johnson v. Samuel J. Hollensworth.

### Covenants against incumbrances.

A deed purporting to convey a lot of land subject to an existing incumbrance of sixteen hundred dollars, contained a covenant whereby the grantor undertook to warrant and defend the land to the grantee, and his assigns, against all persons claiming under the grantors, and also "against all persons whomsoever and all claims whatsoever," except the said sum of sixteen hundred dollars. *Held*, that this was a covenant against incumbrances as well as a covenant of warranty.

It appearing that the incumbrance was nineteen hundred dollars instead of sixteen hundred, this covenant was immediately broken, and the grantee on making payment could recover the excess in a suit upon it.

No particular form of words is necessary to constitute a covenant. It is a promise, and the question is what it is the parties understood by it.

Several covenants may be embraced in a single sentence or embodied in a single promise.

Incumbrances are "claims," and a covenant against all "claims" must be *held* to embrace incumbrances.

Error to Oakland. Submitted Apr. 6. Decided Apr. 12.

ASSUMPSIT. Defendant brings error. Affirmed.

*Burtt & Crofoot* for appellant.

*R. A. Parker* for defendant. Covenants may be in any form which shows the intent: 2 Hill. R. P. § 4; 3 Washb. R. P. 99; Rawle on Covenants 191 *Van Rensselaer v. Kearny* 11 How. 297.

COOLEY, J. Johnson sued Hollensworth upon a covenant contained in a deed of conveyance, which he counted upon as a covenant against encumbrances. The only question which the record presents is, whether the plaintiff was correct in his construction of the covenant.

The deed bears date November 13, 1875. It purports to convey a certain lot of land in Washington, D. C., "subject to the sum of sixteen hundred dollars, existing as an encumbrance on said lot, and secured by two deeds of trust;" and it contains the following covenant: "And the said parties of the first part [Hollensworth and wife] for themselves and for their heirs, executors and administrators do hereby covenant promise and agree to and with the said party of the second part, his heirs and assigns, that they, the said parties of the first part and their heirs shall and will warrant and forever defend the said piece or parcel of ground and premises and appurtenances unto the said party of the second part, his heirs and assigns, from and against the claims of all persons claiming or to claim the same or any part thereof by, from, under or through them or any of them, and against all persons whomsoever and all claims whatsoever except the sum of sixteen hundred dollars hereinbefore assumed by the party of the second part, with the interest thereon." Following this was a covenant for further assurance.

To show a breach of the covenant the plaintiff gave evidence that the encumbrances by the two deeds of trust exceeded the sum specified by nearly three hundred dollars. He also showed that the whole amount had fallen due, and that he had made payment in full, without awaiting foreclosure or other proceedings for collection. This constituted the plaintiff's case.

On the other hand the defendant contended that the covenant in question was not a covenant against encumbrances, but only a covenant of warranty of title except as against encumbrances to the specified amount of sixteen hundred dollars. As a warranty of title it would be broken only when there had been eviction of the grantee, or those claiming under him, or when acts had occurred which were the legal equivalents of eviction; such as the actual assertion of some title or claim against which the warranty undertook to protect, and a surrender to it. It was conceded that if this could be held to be a covenant against encumbrances it was broken immediately and the covenantee might recover substantial damages on making payment. *Post v. Campau* 42 Mich. 90; *Norton v. Colgrove* 41 Mich. 544.

It must be conceded that the covenant is peculiar in form. It is a warranty of title as against the grantors and all persons claiming under them or either of them, and as such would run with the land in subsequent conveyances. If this were all, the existence of an encumbrance would be no breach, though it might result in a breach if it should ever be enforced against the land. But we think there is something more here than a warranty of title. There is no fixed or essential form for any covenant; a covenant is merely a promise under seal, and to ascertain what it is in legal import, we have only to see what the promissor has undertaken for; in other words, what is the legal interpretation of the language in which the promise is expressed. In ordinary deeds of conveyance several covenants are usually contained, and some of these are likely to be such as will run with the land and some not. Each covenant may constitute a separate sentence, but they may all be blended in a single sentence as well, and a single promise may embody the substance of several covenants, and thus constitute an undertaking to protect against existing claims or defects, and also to give assurance for the future. The promise now under consideration is one of this peculiar form. The same promise constitutes a covenant of warranty

and also an undertaking to protect the title conveyed "against all persons whomsoever or claims whatsoever" except the specific encumbrance of sixteen hundred dollars. "Claims" is a broad term, and to the common understanding would embrace encumbrances, at least where they are in the nature of money charges. No man of ordinary intelligence could fail to understand this promise as a warranty against all claims of a pecuniary nature existing against the land, with the exception mentioned, "and this is equivalent to saying that, in the opinion of all men of ordinary intelligence, a contrary construction would be wrong." *Smith v. Lloyd* 29 Mich. 382, 386. How much further it would extend its protection we need not speculate.

The conclusion is that the judgment entered for the plaintiff should be affirmed with costs.

The other Justices concurred.