SOUTHERN PAC. R. Co. *v.* UNITED STATES.

(*Circuit Court, N. D. California.* March 14, 1889.)

COURTS—FEDERAL CIRCUIT—PUBLIC LANDS—GRANTS—CLAIM TO A PATENT.

Under act Cong. March 3, 1887, § 1, the court of claims has jurisdiction over "all claims founded upon the constitution of the United States, * * * or upon any contract, express or implied, with the government of the United States, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable." Section 2 gives the circuit courts concurrent jurisdiction when the amount involved exceeds $1,000 and does not exceed $10,000. *Held,* that the word "claims" embraced a claim to a patent to lands earned by a land-grant railroad company, and that the United States circuit court has jurisdiction of an action to determine the right to a patent under the grant.

In Equity. On demurrer to petition.

*J. D. Redding,* for plaintiff.

*J. C. Carey,* U. S. Dist. Atty.

Before SAWYER, Circuit Judge.

SAWYER, J. This is a petition in equity presented to this court under the act of congress of March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States," (24 St. 505,) setting up a claim to a tract of land against the United States, and asking that its title to the land be established in the plaintiff, by the decree of this court. The lands described in the petition are odd-numbered sections of the public lands, lying within the limits of the lands granted to the Southern Pacific Railroad Company, to aid in the construction of a railroad by the act of congress approved July 27, 1866, entitled "An act granting lands to aid in the construction of a railroad and telegraph line from the states of Missouri and Arkansas to the Pacific coast." 14 St. 292. The facts alleged in the petition, if true, show, that the lands were subject to the grant, and that the petitioner has performed all the conditions prescribed in the act to entitle it to the land, and that no adverse interest had attached. Its right to a patent is shown, yet it is alleged, that though a patent has been often demanded of the proper officers they have wrongfully neglected and refused, and they still do wrongfully neglect and refuse, to issue the patent as required by law. The petitioner prays that it may be adjudged and decreed, that it has performed all the conditions required by the act of congress to entitle it to the land; that it is the owner of the land, and is entitled to a patent therefor; and that it may have such other and further relief, as the case may require, and as may be agreeable to equity. The United States demur to the complaint, on the ground that the court has no jurisdiction to entertain a suit in equity of this character against the United States—that the United States cannot be sued in such case. It is urged (1) that the "claims" provided for in this act, are strictly legal claims, and that there is no jurisdiction in cases in equity. (2) That

the word "claims" is used in the act in a restricted sense, and extends only to claims for money, and does not embrace claims of title to lands, as against the United States.   It is true that the supreme court has held, that, the prior acts conferring jurisdiction on the court of claims did not embrace cases of equity jurisdiction, as in *Bonner* v. *U. S.*, 9 Wall. 156. But the several acts have been amended from time to time, and the jurisdiction extended as the necessity for such enlargement has been developed, till the act of March 3, 1887, was passed.   Section 1 of this act provides, so far as applicable to the case in hand, "that the court of claims shall have jurisdiction to hear and determine the following matters:   *First*. All claims founded upon the constitution of the United States, or any law of congress,   *   *   *   or upon any contract, express or implied, with the government of the United States,   *   *   *   in respect of which claims, the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable."   There are some exceptions having no relation to this case.   Thus, in express terms that admit of no other construction, jurisdiction is conferred upon the court of claims over all claims in respect to which a party would be entitled to redress against the United States in a court of equity, "if the United States were suable."   In other words, it makes the United States suable in equity in the court of claims as to claims in equity, as well as to claims at law.   And section 2 provides that, "the circuit courts of the United States shall have such concurrent jurisdiction [with the court of claims] in all cases when the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars."   In this case the claim is founded upon a statute of the United States and upon a statutory contract, and the value of the matter in dispute exceeds $1,000 and is less than $10,000.   If the matters alleged, then, constitute a "claim," within the meaning of that term, as used in the statute, this court has jurisdiction over it, concurrent with the court of claims.   After a careful consideration of the matter I am satisfied that they do constitute a claim within the meaning of the act.

The statute is remedial, and remedial statutes are to be liberally construed.   The act is in accordance with the spirit of the age.   According to the authorities cited by plaintiff, even England is in advance of the United States in waiving its privilege not to be sued in its courts by a subject.   The word, "claim," is very broad and comprehensive in its signification—quite as comprehensive as any of its synonyms—demand, pretension, right, privilege, title.   That the construction is not to be limited to money demands, is evident from other expressions in the act, as in section 5, wherein the contents of the petition is prescribed.   It requires that the plaintiff "shall set forth the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money, or any other thing claimed,   *   *   *   and praying the court for a judgment, or decree upon the facts and law."   Section 6. "The plaintiff shall not have judgment, or decree for his claim,   *   *   *   unless," etc. Section 7. "If the suit be in equity, or admiralty, the court shall proceed with the same according to the rules of such courts."   Section 12.

" When any claim or matter pending in any of the executive departments which involves controverted questions of fact, or law," the head of the department may refer them to the court of claims. There are many "claims" or "matters" besides money demands "pending" in the various departments. Indeed money demands, except perhaps in the treasury department, constitute but a small fraction of the "claims" or "matters" pending in the executive departments. Yet the statute says, "any claim or matter, pending in any of the executive departments." As a general proposition, a bill in equity is rarely filed merely to establish a money demand, without other relief. The amount of money recovered is very seldom, if ever, the sole matter covered by a decree. Yet judgments and decrees, writs of error and appeals form the subject of many of the provisions of the act, clearly indicating, not only that equitable jurisdiction is conferred, but that the claims or matters in controversy are not limited to mere money demands. A case strictly analogous,— *Jones* v. *U. S.*, 35 Fed. Rep. 561,—was decided by DEADY, J., in the circuit court for the district of Oregon in July last, in which he discussed this point with great fullness, and his usual ability, and in which he held, that the word, "claim," as used in the statute, included a claim to land, and upheld the jurisdiction of the court. I can add nothing more to what he then said, and I content myself with referring to the decision in that case, and expressing my concurrence in the views stated by him upon the point. The demurrer must be overruled with leave to answer, and it is so ordered.