## DODSON v. CROCKER.

1. The presumption that the decision of the trial court on the weight of the evidence is correct will be overcome, and the decision reversed, only when there is a clear preponderance of evidence against it.

2. Defendant agreed, in writing, to purchase from plaintiff a mechanic's lien, provided it was a first claim on the property. On the issue as to whether taxes were included, plaintiff testified that in a conversation between him and defendant's agent, about the time the contract was executed, it was agreed that taxes on the property were not to be regarded as included in the contract. A denial of this by the agent was corroborated by a witness present at the time of the transaction and the execution of the papers. Defendant was not present himself, but there was evidence tending to show admissions by him that he found

16 S. D.—31

the mechanic's lien a first claim on the property, and did not regard the taxes as a first claim thereon. Defendant denied that the conversation between himself and the witness, constituting the admissions, occurred. Held not to show a preponderance of evidence in favor of plaintiff, and the decision of the trial court in defendant's favor would not be disturbed.

3. Defendant agreed in writing to purchase a mechanic's lien of plaintiff, provided he found, on investigation, it was a first claim on the property. Plaintiff claimed that defendant's agent spent some days in looking over the records, and was fully advised as to taxes on the property. Defendant testified that his agent gave him a detailed list, to a certain extent, of what he found from examining the records. It did not affirmatively appear, however, that the agent made any investigation regarding the taxes, or that they were included in the partial list given defendant. Held not to show an intention on the part of defendant to exclude the lien of taxes under his contract.

4. Defendant agreed to purchase of plaintiff a mechanic's lien, provided it was a first claim on the property. Held, that the term "claim" included taxes, and that the existence of a prior lien for unpaid taxes released defendant from obligation to purchase.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action by Emory F. Dodson, as surviving partner of F. A. Fisher & Co., against Charles T. Crocker. Judgment for defendant, and plaintiff appeals. Affirmed.

*C. H. Windsor* and *Aikens & Judge,* for appellant,

*Boyce & Warren,* for respondent.

CORSON, J. This is an appeal by the plaintiff from a judgment based upon the findings of the court in favor of the defendant. In 1891 the firm of F. A. Fisher & Co. filed a mechanic's lien against the Sioux Falls Stockyard Company for the sum of $91,883.37. An action was commenced to foreclose

the same, and was pending in 1897, when Emory F. Dodson, surviving partner of the said firm of F. A. Fisher & Co., contracted, of date November 7, 1897, with one E. J. Torrey, to sell and transfer to him the lien of said firm for the sum of $28,364.51, to be paid on or before the 15th day of December, 1897. In the acceptance of Mr. Dodson's proposition by Mr. Torrey, which proposition and acceptance constituted the contract, is the provision: ''Providing that I find upon investigation that the statements you have made in regard to said claims and suits are as you have stated, namely: That your lien is a first claim upon the property against which it is filed and is a prior claim to an outstanding bond issue of the Northwestern Packing Co. of $400,000." Subsequently, in the latter part of December, the said Dodson made a sale of the said lien to one Ellis H. Porter for the sum of $23,000 in cash, and 500 shares of the capital stock of the Northwestern Packing Company. This action is brought by the plaintiff to recover the difference between the amount of the contract with Torrey and the amount received from Porter, being $5,364.51. The court finds that both Torrey and Porter were the agents of the defendant Charles T. Crocker, and further finds that at the time Dodson entered into the contract with Torrey, and subsequently made a sale to Porter, he had no knowledge that Torrey and Porter were such agents. The court's fifth finding is, in substance, that at the time of the making of the said contract the premises described in the complaint and the said Torrey contract were subject to taxes amounting to about $4,700. The court further finds, in its sixth finding, that, prior to the date of the said Torrey contract, machinery of the value of $20,000 had been placed in the packing-house building upon said premises by

the Fred W. Wolffe Company, and attached thereto, and constituted a part of the property referred to in the acceptance of said E. J. Torrey, and that said machinery was placed in the said building and attached thereto under a conditional sale contract, in accordance with the provisions of chapter 36 of the Laws of 1893, and that there was a balance due under such conditional sale contract of about $8,000 at the time of the making of the said Torrey contract. The court finds that the said taxes and the said balance due under such conditional sale contract were valid claims against the said property at the time of the making of the said Torrey contract. And the court concludes, as matter of law: ''(1) That at the time of the making of the said Torrey contract the lien referred to in said contract was not a first claim upon the property against which it was filed, and for that reason the qualified acceptance of the plaintiff's proposition in that contract never became operative, and said contract never became binding upon the said E. J. Torrey or the defendant herein. (2) The defendant is entitled to judgment that the complaint of the plaintiff be dismissed, and for his costs and disbursements." Exceptions were taken to these findings on the ground that they were not justified by the evidence. On the trial of the case, evidence seems to have been admitted tending to prove that it was understood between the plaintiff and Torrey that the taxes on the property were not to be regarded as a claim upon the same under the contract.

It is contended on the part of the appellant (1) that the evidence that the taxes were not to be considered a claim against the property at the time of the making of the Torrey contract clearly preponderated in favor of the appellant, and

that the court should have found that the taxes did not consti-
tute such a claim within the terms of the contract: (2) that the
Wolffe conditional sale contract, authorizing the removal of
$20,000 worth of machinery in default of the payment of about
$8,000, did not constitute a claim against the property, within
the meaning of the said contract. On the part of the defend-
ant it is insisted (1) that the taxes and the Wolffe conditional
sale contract constituted first claims upon the property, within
the meaning of the contract, and the court's conclusion that
the mechanic's lien referred to in the said Torrey contract
was not a first claim upon the property against which it was
filed was clearly sustained, not only by the findings, but by the
evidence; (2) that the evidence of conversations between the
appellant and Torrey at the time of making the contract was
clearly inadmissible, and assuming that the evidence, as claim-
ed by the appellant, upon that question, preponderated in his
favor, still there was no reversible error in the findings of the
court.

It will be observed that the court finds that at the time of
the making of the said contract the premises described were
subject to taxes amounting to about $4,700, and that, prior to
the date of the said contract, machinery of the value of $20,000
had been placed in the building upon said premises by the
Fred W. Wolffe Company, and attached thereto, and that there
was a balance due under said Wolffe conditional sale contract
of about $8,000; and from the findings the court concludes, as
matter of law, that the mechanic's lien referred to in the said
contract was not a first claim upon the property, and for that
reason the said contract never became binding upon the said
Torrey or the defendant herein. As before stated, these find-

ings were excepted to as not supported by the evidence, and it becomes necessary, therefore, for this court to review the evidence. On such review this court will presume that the decision of the trial court upon the weight of such evidence is cor rect, and it is only when we are satisfied that there is a clear preponderance of the evidence against such decision that such presumption will be overcome, and the decision of the trial court reversed. Randall v. Burk Township, 4 S. D. 337, 57 N. W. 4. Assuming, without deciding, that the evidence tending to prove that there was an agreement between the plaintiff and Torrey that the taxes should not be regarded as a first claim was properly admitted, does it preponderate in favor of the plaintiff? Upon a careful review of the evidence, we are unable to say that there is a clear preponderance of the same, or in fact any preponderance, against the findings of the trial court. The plaintiff, it is true, testified that there was a conversation between himself and Torrey the agent of the defend ant, in regard to the taxes, at or about the time of the contract was executed for the purchase of the mechanic's lien by Torrey, by which it was agreed the taxes were not to be regarded as included in the contract. This is denied by Torrey, and he is corroborated by Mr. Lord, who was present at the time of the transaction and the execution of the papers, and who states there was no such conversation between them, and that the subject of taxes was not mentioned. The defendant himself was not present at the time the contract was executed, and therefore he had no actual knowledge of what occurred at that time. There was some evidence, however, tending to show that the defendant admitted that he found the mechanic's lien a first claim upon the property, and did not regard the taxes as

constituting a first claim thereon; but this statement was de-
nied by the defendant in his evidence, and he denies that any
such conversation occurred between himself and the witness,
as detailed by the said witness as constituting the admissions
referred to. It will thus be seen that the evidence is sharply
conflicting, and it cannot be said that there is a preponderance
in favor of the plaintiff.

The next question presented for our determination is, did the
taxes constitute a prior lien to the plaintiff's mechanic's lien? It
will be noticed that the language used in the acceptance is,
"Providing I find upon investigation * * * that your lien is a
first claim upon the property against which it is filed." It is
contended on the part of the appellant that it appears from
the evidence that Torrey had been sent to Sioux Falls from
the defendant's home at Fitchburg, Mass., for the purpose of
investigating the liens upon the packing-house property, and
that he had spent some days there in looking over the records,
and was fully advised as to the taxes, and that his knowledge of
the existence of taxes was the knowledge of the defendant, for
whom he was acting as agent and that therefore it could not have
been intended to include taxes as a claim against the property.
It is true, Torrey did made certain investigations in regard to
liens existing against the property, but it does not affirmitive-
ly appear that he made any examination of the records or any
investigation regarding the taxes outstanding against the said
property. The defendant, in his evidence, states that Mr.
Torrey was asked by him to come to Sioux Falls to look up
matters of record and otherwise, which he did, and that Mr.
Torrey came back to Fitchburg, and gave him a detailed list,
to a certain extent, of what he found. It will be observed that

it does not affirmatively appear from this evidence that the taxes outstanding or the Wolffe claim were included in this list; and neither the court below nor this court can find from this evidence that Torrey had any actual knowledge of the taxes outstanding against the property, or that the defendant, as his principal, had any such knowledge. The defendant speaks in both instances of a partial list of the indebtedness, and not a complete list. It is difficult to discover, therefore, from this evidence, that there was any actual intention on the part of Torry to exclude the lien of taxes under his contract. It is quite apparent from the contract itself that Torrey had not made an exhaustive examination of the claims against the property, or he would have ascertained definitely what claims were prior and what were subsequent to the mechanic's lien. If he had done so, what necessity was there for putting into his acceptance the condition herein before quoted? Had he made the investigation claimed by the appellant, he would have ascertained whether or not the mehanic's lien was a first claim upon the property.

The only remaining question, therefore, is, did the mechanic's lien constitute a first claim upon the property, within the meaning of that term as used in the contract? That the taxes constituted a paramount and superior lien upon the property cannot be seriously questioned. Did such taxes constitute a first claim upon the property? The word "claim" is a very broad and comprehensive term, and may include every description of lien. Ellis v. Polhemus, 27 Cal. 355; Ellissen v. Halleck, 6 Cal. 386; Southern Pacific R. Co. v. United States (C. C.) 38 Fed. 56; Johnson v. Hollensworth, 48 Mich. 140, 11 N. W. 843. It is quite clear that the term "claim" is broad and

comprehensive enough to include taxes, and that, in construing the contract before us, we must hold that the taxes were included in the term "claim," as used therein. This being so, and it being conceded that there was at the time the contract was made a prior or superior claim for about $4,700 due for unpaid taxes; neither Torrey nor the defendant, his principal, was required to preform the conditions of the contract.

In the views we have taken of this case, it becomes unneccessary to consider the Wolffe claim, or whether or not it was a claim prior or superior to the mechanic's lien, and we do not deem it necessary to consider or discuss the question argued by the respective counsel as to the admissibility of the alleged oral agreement as to the taxes being excluded from the contract.

The views expressed lead to the conclusion that the judgment of the circuit court and order denying a new trial must be affirmed.