## ASKEW v. BRUNER. (No. 1370.)

(Court of Civil Appeals of Texas. Amarillo. June 5, 1918. Rehearing Denied June 26, 1918.).

1. APPEAL AND ERROR ☞1002—QUESTIONS OF FACT FOR THE JURY.

Where the evidence is in direct conflict, finding of the jury is conclusive on appeal.

2. MORTGAGES ☞280(4) — CONVEYANCE OF LAND—ASSUMPTION OF MORTGAGE.

Where grantee under a warranty deed assumed payment of "$721.60 due the N. Co., payable $12.24 monthly," deed was not inconsistent with a finding that grantee did not assume payment of interest on the $721.60.

3. COVENANTS ☞96(1) — INCUMBRANCES — BREACH.

Any incumbrances which would compel payment of any amount in excess of exception stipulated in a warranty deed would be a breach to that extent of covenant against incumbrances.

4. COVENANTS ☞39—COVENANTS AGAINST INCUMBRANCES—NOTICE.

In cases of breach of covenant in a warranty deed, notice of adverse claim or incumbrance covenanted against does not affect right of covenantee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. COVENANTS ⚟119—EVIDENCE—MATERIALITY.**

In action treated as one for breach of covenant as to amount of incumbrances on land, a deed of trust and record thereof was not material evidence, where no issue of notice was submitted to the jury.

**6. FRAUD ⚟52—EVIDENCE—ADMISSIBILITY.**

In an action for deceit, circumstances tending to show that declarations were made after consummation of transaction merely went to the weight of, and did not affect admissibility of, evidence that such representations were made at time of closing the transaction.

**7. APPEAL AND ERROR ⚟882(9)—INVITED ERROR—EVIDENCE.**

A party cannot complain that improper evidence was elicited from his witness on cross-examination, where same evidence had been given on direct examination.

Appeal from Potter County Court; T. W. McBride, Judge.

Suit by T. M. Bruner against W. A. Askew. Judgment for plaintiff, and defendant appeals. Affirmed.

Madden, Trulove, Ryburn & Pipkin and E. T. Miller, all of Amarillo, for appellant. Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

BOYCE, J. T. M. Bruner bought of W. A. Askew a house and lot, assuming, in the deed of conveyance the payment of "$721.60, due the National Loan & Investment Company, payable $12.24 monthly." Bruner claims that Askew represented that this amount was figured so as to include the principal and interest, and that upon payment of said amount in such installments the lien held on the property by the loan company would be released. Askew denies this, and claims that he stated the facts truly as to the amount and terms of payment thereof due the said loan company. As a matter of fact the $721.60 was the amount that would have been required to pay off the indebtedness to the loan company if paid in cash at the date of the deed, but after payment of said sum in monthly installments a further payment of $299.28 was required to satisfy such indebtedness and secure a release of a deed of trust given by Askew to secure the payment thereof. Bruner brought this suit to recover, and did recover, in the court below the said sum of $299.28.

[1] The evidence offered by plaintiff and defendant as to the representations made by Askew in reference to the indebtedness to the National Loan & Investment Company is in direct conflict, and the finding of the jury, in response to the special issues submitted, that Askew represented to Bruner that a payment of the sum of $721.60, in monthly installments of $12.24, would discharge the indebtedness to the National Loan & Investment Company, and that this was the amount which plaintiff assumed to pay, is conclusive in this court.

[2-4] We are inclined to the opinion that the suit may be regarded as one for a breach of warranty against incumbrances. The deed was a general warranty deed, and of course covenanted against incumbrances. R. S. art. 1112. Therefore the covenant applied to the lien held by the National Loan & Investment Company unless it was excepted. The only exception as provided by the terms of the deed is to be implied from the assumption of the payment of the indebtedness to the loan company by the language already quoted. This language does not refer to interest on the $721.60, and as "interest, unless otherwise expressed, is payable when the debt becomes due and cannot be collected before maturity of the debt" (Connor v. City of Paris, 87 Tex. 32, 27 S. W. 92; Henry v. Roe, 83 Tex. 446, 18 S. W. 808), the deed on its face is in accordance with the finding of the jury and the claim of the plaintiff; at least it is not inconsistent therewith. Any incumbrance which would compel the payment of any amount in excess of the exception stipulated for would be a breach to that extent of the covenant against incumbrances. Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141; 11 Cyc. 1118; Johnson v. Hollensworth, 48 Mich. 140, 11 N. W. 843; Corbett v. Wrenn, 25 Or. 305, 35 Pac. 658. In cases of breach of covenant notice of the adverse claim or incumbrance covenanted against does not affect the right of the covenantee. Parish v. White, 24 S. W. 574. So that we do not think that the question of notice to Bruner of the true amount of the incumbrance was material.

But, even if the suit is to be regarded as an action for deceit proper, where in order to recover for fraudulent representations it must be shown that the defrauded party was without knowledge of the true facts and relied upon the representations made to the contrary, we do not consider the evidence as conclusively establishing that Bruner did not, under the circumstances, have the right to rely on the representations which the jury found were made to him by Askew in the negotiations for the sale of said property. The measure of damages would have been the same whether the action was for deceit or for breach of covenant. Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1143. So, however the suit may be regarded, we do not think a peremptory instruction for defendant would have been proper, and overrule appellant's assignment complaining of the refusal of the court to give such instruction.

[5] The deed of trust, given by Askew to the National Loan & Investment Company, and the record thereof, would not have been in any way material in the consideration of the only two issues submitted to the jury. No issue of notice was submitted, and if we are correct in the conclusion that the action is properly one for breach of covenant, the issue of notice was itself immaterial. Since it was admitted that, after pay-

ment of the $721.60 in monthly installments, as referred to in the deed, Bruner was rightly compelled to pay the further sum of $299.28 to discharge said incumbrance, we find no error in the action of the court in refusing to admit in evidence the said deed of trust and record thereof.

[6] There is evidence to the effect that the representations made to Mrs. Bruner, the admission of which is complained of by the third assignment, were made at the time of the closing of the trade and not afterwards. The circumstances that tended to show that the conversation referred to was had after the sale was finally consummated merely affects the weight of this evidence and not its admissibility.

[7] The objections to the evidence, admission of which was complained of by the fourth assignment, are well taken. However, the same testimony had been given by the witness on direct examination, and we do not think this erroneous ruling requires a reversal of the case.

Affirmed.

HUFF, C. J., not sitting, being absent in Austin, serving on committee of judges, passing on writs of error for Supreme Court.