NEELEY v. LANE et al.   (No. 1380.)

(Court of Civil Appeals of Texas.   Amarillo. June 19, 1918.)

1. COVENANTS ⬤➡6—MUTUAL MISTAKE.

In action for breach of covenant against incumbrances, defendant is precluded from relief from the contract on the ground of mutual mistake, where he noticed the oversight or mistake at time he signed deed.

2. COVENANTS ⬤➡39 — WARRANTY AGAINST INCUMBRANCES—KNOWLEDGE OF GRANTEE.

That grantee in a warranty deed had knowledge of existence of incumbrances, not excepted in the deed, did not preclude him from relying on the covenant against incumbrances.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

Action by the First State Bank of Decatur against John G. Lane, C. D. Neeley, and others, in which Neeley filed a cross-action against John G. Lane and another. From an adverse judgment on his cross-action, Neeley appeals. Reversed and rendered.

Bell & Bell, of Paducah, for appellant. J. M. Hawkins, of Paducah, for appellees.

BOYCE, J. This is the second appeal in this case, the former appeal being reported in 193 S. W. p. 390. The case presented is in effect a suit by appellant, Neeley, against appellees, John G. and R. F. Lane, for breach of covenants against incumbrances. The Lanes contracted to sell, and in pursuance to the contract conveyed by warranty deed to Neeley certain real estate. By the terms of the contract and deed Neeley assumed to pay two notes, particularly described, one for $2,738.50, the other for $812.50. In addition to said two notes there was another note for $812.50, outstanding and secured by a lien against said land, which Neeley has been compelled, by judgment heretofore rendered in this cause, to pay in order to protect the land from foreclosure. By a cross-action in this case the said Neeley sought a recovery of such amount against said Lanes. Appellees defended on the ground that the real contract between the parties was to the effect that Neeley was to assume all the indebtedness against the land, including both $812.50 notes, and that the provision of the contract and deed, which stipulated for the assumption of the payment of only one note, was the result of oversight and mistake of the parties and the person drawing said contracts and deed.

[1] The evidence is conflicting as to the verbal representations and agreements as to the amount of indebtedness that was to be assumed by Neeley upon his purchase of the land. The writings embodying the agreement, to wit, the preliminary contract and the deed, are plain and unambiguous in their terms, and constitute the agreement between the parties unless it is made to appear that both parties were "mistaken as to the effect of the writing and ignorant of its misstatement of the agreement." Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Moore v. Studebaker Bros. Mfg. Co., 136 S. W. 571, pars. 3–6; Lott v. Kaiser, 61 Tex. 668. John G. Lane, who represented himself and R. F. Lane in the transaction, testified that both the contract and deed were read over to him, and he knew before he signed the contract and delivered the deed that such instruments mentioned only one note, though he knew there were two notes outstanding against the land. In this connection he said, "I didn't call their attention to it at that time because I just supposed it was an oversight." This evidence precludes any relief from the contract on the ground of mutual mistake. Authorities above cited.

[2] It was immaterial whether Neeley knew, or in the exercise of ordinary care could have known, of the existence of the additional $812.50 note. The warranty covenanted against all incumbrances not assumed by Neeley, and his knowledge, or means of knowledge, of the existence thereof did not preclude him from relying on the covenant. Parish v. White, 24 S. W. 574; Askew v. Bruner, 205 S. W. 152, decided by this court June 5, 1918, not yet officially reported. When, therefore, Neeley was compelled to pay the judgment rendered on said note for $812.50 to satisfy a prior incumbrance against the land, and which was not excepted from the warranty, there was a breach of the cove-

nant against incumbrances. R. S. art. 1112; Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141; Askew v. Bruner, supra; 11 Cyc. 1118; Johnson v. Hollensworth, 48 Mich. 140, 11 N. W. 843; Corbett v. Wrenn, 25 Or. 305, 35 Pac. 658. Since appellee's evidence on the issue of mistake in the terms of the written contract, and which is the only defense offered to the right of recovery by Neeley, is insufficient to support such plea, it follows that the peremptory instruction for appellant should have been given.

It is not necessary to consider other assignments.

The judgment of the lower court will be reversed, and judgment here rendered for appellant on his cross-petition.

HUFF, C. J., not sitting, being absent in Austin, serving on committee of judges.