**JOHNSON v. SHERRILL.** (No. 7331.)

(Court of Civil Appeals of Texas. San Antonio. March 25, 1925.)

1. **Pleading ⊝130—Defendant may plead defenses set up by way of avoidance, notwithstanding admission of plaintiff's cause of action.**

Defendant, who admitted plaintiff's cause of action under district court rule 31, had a right to plead defenses set up by way of avoidance, notwithstanding his admission.

2. **Covenants ⊝100(2)—Grantor's duty under general warranty stated.**

Grantor under his general warranty must pay off and discharge all liens and incumbrances outstanding as a charge against land.

3. **Covenants ⊝130(3)—Vendee held only entitled to recover expenses incurred in procuring outstanding title on vendor's breach of warranty.**

In suit to recover, for breach of warranty, amount paid by vendee to discharge unassumed outstanding incumbrances against property in which vendee, notwithstanding foreclosure sale, did not lose land and was not disturbed in possession, but through aid of vendor acquired outstanding title, vendee *held* entitled to recover only expenses incurred in so procuring such outstanding title, notwithstanding that sheriff sold land by virtue of an agreed judgment under foreclosure, and that it was purchased by a trustee for the parties as a method of getting rid of outstanding title, where parties were not able themselves to discharge incumbrances and arrangement made was clearly in their interest.

Appeal from District Court, Edwards County; Joseph Jones, Judge.

Suit by J. L. Johnson against B. D. Sherrill. From an adverse judgment, plaintiff appeals. Affirmed.

Arthur E. Aiken, of Rock Springs, and Douglas & Carter and Van Haile McFarland, all of San Antonio, for appellant.

Will A. Morriss, of San Antonio, and T. A. Williams, of Rock Springs, for appellee.

COBBS, J. This suit was instituted by appellant to recover from appellee the sum of $11,020, alleged to have been expended by him for protecting the title to land which was lost through foreclosure proceedings.

Plaintiff, J. L. Johnson (appellant herein), alleged that under date of March 23, 1921, appellee, B. D. Sherrill, conveyed to him by warranty deed three tracts of land for a total consideration of $21,102, to wit, $7,020 paid in cash and the assumption by appellant of lien indebtedness aggregating $14,082 as follows: $2,028 due the state of Texas as unpaid purchase money on two school land sections; $4,285.70 of a $14,000 debt to the Moody estate; $7,768.30 due to J. D. Pepper. That, in addition to the indebtedness so assumed, there was an outstanding lien note for $7,282 held by First National Bank of Del Rio, which appellee did not protect under his warranty, but allowed to go to foreclosure judgment. That the foreclosure suit also included the Moody claim (of which appellant had assumed $4,285.70). That under date of December 5, 1922, the three tracts of land were conveyed to one S. C. Petersen under foreclosure sale. That appellant was

able to pay, and would have paid, the indebtedness assumed by him, but, with the $7,282 lien note not assumed added, he was not able to do so, and by reason thereof he was compelled to allow the foreclosure sale to proceed. Wherefore appellant sought to recover the $7,020 in cash paid and the $4,-000 paid to J. P. Pepper in settlement of the $7,768.30 note assumed by appellant. The basis of the recovery sought was upon appellee's warranty; the land having been lost to appellant by foreclosure sale under a lien debt not assumed by appellant, and appellant having been compelled to pay $4,000 by reason of the transaction in addition to the original cash payment of $7,020.

Appellee filed an answer under rule 31 for the district courts, saying he "admits that the plaintiff has a good cause of action as set forth in his petition, except so far as it may be defeated in whole or in part, by the facts of defendant's answer constituting a good defense which may be established on the trial."

The plea by confession and avoidance was to the effect that, notwithstanding the foreclosure sale, appellant did not lose the land and was never disturbed in the possession, but through the aid of appellee acquired the outstanding title by satisfying the outstanding lien thereon, which inured to the benefit of appellant. That appellee acted in good faith, having no knowledge of the existence of the unassumed debt, stating the nature of the debt and how it held a lien on these and other lands. That as soon as the suit for foreclosure was filed appellee proceeded under an agreement with appellant to protect it by letting it go to judgment and sale thereunder and having it bought in by S. C. Petersen for them, who made deeds to each of them to their respective interests, thus clearing the title and effecting settlement of the outstanding Pepper note, all without loss.

[1] The admission of facts made by appellee was undisputed, and to the extent of these admissions appellant was entitled to his judgment, unless defeated by the defenses so set up by way of avoidance, which appellee had the right to plead, notwithstanding his admissions. Smith v. Frost (Tex. Com. App.) 254 S. W. 926.

The case was tried with a jury, and the court made special findings of its own and charged the jury as follows:

"The court having found from the undisputed facts that plaintiff was finally compelled to pay and to agree to pay $22,789.37 for the land purchased from defendant, * * * and that plaintiff would have been required to pay under the original purchase terms the sum of $22,-553.11, * * * and it further appearing from the evidence that the repurchase from Petersen was by mutual arrangement between plaintiff and defendant, the court concluded as a matter of law from such facts that plaintiff was entitled to recover $236.26."

Whereupon the court directed the verdict and entered judgment that appellant, J. L. Johnson, recover from B. D. Sherrill $236.26, with 6 per cent. interest from December 21, 1922.

We do not think under the facts appellant was entitled to any instructed verdict other than that given.

[2, 3] It is the legal duty of the grantor, under his general warranty, at least to pay off and discharge all liens and incumbrances outstanding, as a charge against the land. The purchaser may remain in possession and purchase the outstanding title outright. That title inures to the benefit of his vendor. So, then, in a suit by the vendee against the vendor for breach of warranty, to remove incumbrances and to perfect his title, he is limited in his recovery to the extent of the cost and expenses incurred in so procuring the outstanding title. McClelland v. Moore, 48 Tex. 363; Stevens v. G., H. & S. A. Ry. (Tex. Civ. App.) 169 S. W. 657.

The fact that the sheriff sold the land by virtue of an agreed judgment under foreclosure and that it was purchased in by the trustee, Petersen, for them, as a method of getting rid of the outstanding title, will not change the rule of law at all. The parties were not able themselves to discharge the incumbrances, and the arrangement made was clearly in the interest of all the parties. The liens were discharged and title cleared without ever requiring appellant to leave the premises.

In this case the vendee had discharged the debt, and his damages of course were what he had been out to acquire the title. There was no allegation that appellant was evicted or lost the title, nor was he disturbed in his possession. Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141; Askew v. Bruner (Tex. Civ. App.) 205 S. W. 153.

The recovery on a pure breach of warranty, when there is an entire failure of title, is based upon different grounds. Then the recovery is for the money paid, with interest thereon. Here it is for the amount actually paid to discharge outstanding incumbrances that appellant is entitled to recover. McClelland v. Moore, 48 Tex. 363; Denson v. Love, 58 Tex. 472. Appellant is entitled to recover the amount he has paid out over and above the amount he contracted to pay, and is not entitled to recover any arbitrary or supposed amount which he never lost, for that would not be indemnity. We believe the judgment of the trial court was just and fair and supported by the evidence.

Finding no reversible error assigned, the judgment of the trial court is affirmed.