KIMMINS v. McKELVEY et ux. (No. 9232.)

Court of Civil Appeals of Texas. Galveston.
Dec. 6, 1928.

Rehearing Denied Jan. 3, 1929.

C. H. Chernosky and Jno. O. Douglas, both of Houston, for appellant.

W. P. Neblett, of Houston, for appellees.

GRAVES, J. This suit was begun in the justice court of precinct 1 of Harris county, Tex., when the appellant, Kimmins, sued appellee McKelvey and wife for breach of their warranty as to incumbrances on a tract of land bought by him from them near the city of Houston, in consideration of $2,100 recited

as paid and his assumption and agreement to pay their certain lien indebtedness on the property to the Gibralter Savings & Building Association of Houston, Tex., in the stated sum of $3,019.34. He recovered the sum of $132 in the justice court.

Upon appeal to the county court at law of Harris county by the appellees, judgment was there rendered that the appellant take nothing by his suit. The cause comes here on his protest against that action.

The facts were all fully developed, and were without dispute, except as to some details not thought to be controlling. Such of them as are deemed material to a disposition of the appeal may be thus summarized:

Negotiations looking toward the purchase, which was finally consummated by the execution and delivery by the McKelveys to Kimmons of a deed to the property—that is, lot 19 in block 8 of Park Place—on June 8, 1927, began with a letter from Mr. Kimmins to Mr. McKelvey of April 20, 1927, proposing that he would make him an offer in trade for his equity if Mr. McKelvey would have the Gibralter Association make a statement of the latter's indebtedness on the lot, and would send the same to him (Mr. Kimmins). Mr. McKelvey procured such suggested statement from the Gibralter addressed to himself, which was in writing of date April 23 of 1927, showing the total amount to be $3,063.34, and delivered it to Mr. Kimmins. Subsequently, in closing the trade, it was mutually agreed that McKelvey, in consideration of his retaining the place until June 1st, would pay $44 of this sum so shown on the statement, thereby reducing it to a balance of $3,019.34, which Mr. Kimmins insisted should be specifically stated in the deed to be executed in his favor by Mr. and Mrs. McKelvey. The deed was then, on June 8, 1927, executed and delivered by the McKelveys to Kimmins, as before mentioned; it being one with general warranty of title and reciting: "For and in consideration of the sum of Twenty one hundred and 00/100 ($2100.00) dollars, in hand paid by C. B. Kimmins, the receipt of which is hereby acknowledged, and the further consideration of the assumption of and the agreement to pay our certain indebtedness to the Gibralter Savings & Building Association, of Houston, Texas, in the sum of Three Thousand nineteen and 34/100 ($3019.34) dollars, which indebtedness constitutes a lien on said hereinafter described property, and which the said C. B. Kimmins has assumed and agreed to pay, as part consideration therefor."

Both parties on the trial testified that this deed correctly recited the true consideration between them, and that, as so merging their final agreement in that respect as in all others, it had been delivered and the transaction so fully closed before either knew that the statement of the amount of the lien indebtedness McKelvey owed the Gibralter was incorrect. Afterwards, however, and before the deed had been filed for record by Kimmins, they together visited the Gibralter Association's office, and there found that it had made an error in so stating the amount of McKelvey's indebtedness to it, and that he in fact owed, over and above the $44 he had agreed to pay as rent, $3,151.34, or $132 more than the $3,019.34 thus specifically stated in the deed quoted from. Kimmins thereupon demanded that McKelvey pay this $132 balance, which the latter declined to do, offering instead, however, to trade back with him at that time. This in turn Mr. Kimmins refused, and, being compelled to pay the entire $3,151.34 in order to get the property released from the association's lien on it against McKelvey, did that, and then brought this suit to recover from the latter the $132 difference between the respective sums he had thus assumed and paid.

We think the trial court should have rendered judgment in appellant's favor for the amount sued for. It was the bounden duty of the appellee, under the terms of his deed and general warranty, to pay off all incumbrances outstanding against the land, other than the specific amount so expressly therein assumed to be paid by the appellant, and, in consequence of his default, the latter was entitled to get back the excess over what he had himself contracted to pay. R. S. art. 1297; Neeley v. Lane (Tex. Civ. App.) 205 S. W. 154; Johnson v. Sherrill (Tex. Civ. App.) 271 S. W. 276; Askew v. Bruner (Tex. Civ. App.) 205 S. W. 152; Rives v. James (Tex. Civ. App.) 3 S.W.(2d) 932.

In the argument, no reason whatever is suggested as to why appellant—the purchase having been completed and the general warranty deed evidencing it and the covenants inhering in it being in his possession before development of any additional incumbrance over that assumed by him—was not privileged to stand upon his contract, or bargain, as he presumably regarded it.

The case made is wholly different in legal effect from the single one cited by the appellees in support of the judgment (Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757), in that, under the facts there obtaining, it was held that Mrs. Gilliam had voluntarily made a prior settlement of what she sought to recover—the very antithesis of what here appears.

It follows that this court's judgment should enter decreeing to appellant a recovery of the $132, as sued for by him herein. It has been so ordered.

Reversed and rendered.